■ In the Matter of MARVIN KLEIN against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York.— Motion granted insofar as to permit the proceeding to be heard on the original record, without printing the same, and upon typewritten or mimeographed petitioner's points, on condition that the petitioner serves one copy of the typewritten or mimeographed petitioner's points upon the Attorney-General of the State of New York and files 6 typewritten or 19 mimeographed copies of petitioner's points, together with the original record, with this court. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. JULIUS FULLER.— Motion granted. The appeal is permitted to be heard upon the original record except that a certified copy of the indictment shall be substituted in place of the original indictment. The appellant is relieved of the requirement that one copy of the record on appeal be served upon the District Attorney and six additional copies thereof be filed with this court, upon condition that the appellant at the time of service of the appellant's points upon the District Attorney, serve upon the District Attorney a typewritten transcript of the minutes of the trial. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. JOHN PATRICK HUGHES.— Motion granted insofar as to dispense with the printing in the record on appeal of the indictment, indorsement sheet and information form on condition that certified copies of said papers are filed with the court at the time of filing the printed record on appeal. The time of the appellant to serve and file the record on appeal and appellant's points is enlarged to April 28, 1959, with notice of argument for the June 1959 Term of this court. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Stevens, JJ.

■ In the Matter of STANLEY SKIPWITH et al., against JULIAN O. WASHINGTON et al. In the Matter of CHARLES RECTOR et al., against JULIAN O. WASHINGTON et al.— Motion granted insofar as to permit the movant, Public Education Association (PEA) to file a brief amicus curiæ on the appeals. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Stevens, JJ.

■ ENID M. GORDON v. MICHAEL GORDON.— Motion to dismiss appeal granted. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Stevens, JJ.

■ In the Matter of PAUL E. TUTHILL, for Reinstatement to the Bar.— Motion for reinstatement denied. Concur — Botein, P. J., M. M. Frank, Valente, Stevens and Bastow, JJ.

■ ROBERT PORTERFIELD et al., Respondents, v. SAMUEL SAFFAN, Appellant.— Order unanimously modified, on the law, so as to dismiss the first cause of action, and, as so modified, affirmed, without costs. The acts alleged in the first cause of action do not constitute malicious prosecution or abuse of process. In order to avoid discouraging free resort to the courts for the resolution of controversies, considerations of public policy have resulted in restricting the instances in which the mere bringing of a lawsuit by one party lays the foundation for the bringing of another lawsuit by the one sued. The minimal requirements of a cause of action for malicious prosecution or abuse of process cannot be bypassed merely by the expedient of labeling the cause of action as one in prima facie tort, where, as here, there appears to have been sufficient self-interest on the part of defendant to negative malice, the essential ingredient of a cause of action for prima facie tort (Bono Sawdust Supply Co. v. Hahn & Golin, 3 A D 2d 221). The second cause of action sufficiently alleges the elements of a cause of action for malicious prosecution. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Stevens, JJ.