■ DUANE P. HOWELL, Appellant, v NEIL S. DAVIS et al., Respondents.— In an action to recover damages for trespass, based upon interference with property by reason of void or voidable process, plaintiff appeals from an order of the Supreme Court, Rockland County, entered February 9, 1977, which denied his motion for summary judgment. Order modified, on the law, by adding thereto a provision, on this court's own motion, granting defendant summary judgment dismissing the complaint. As so modified, order affirmed, with $50 costs and disbursements to defendants. Plaintiff's action against defendants arises out of the entry and partial enforcement of a default judgment against him which he subsequently successfully moved to vacate. In his complaint plaintiff alleges that the entry and enforcement of that judgment was "wrongful, unlawful, illegal and malicious", constituted a trespass against his "property and property rights" and caused damage to his reputation, deprivation of his property, humiliation and mental anguish. Plaintiff moved for summary judgment, which motion was properly denied, in our view, by the Special Term. Despite the fact that the complaint describes the cause of action as one for trespass and prima facie tort, it is clear from a close scrutiny of the complaint that it actually sets forth causes of action for malicious prosecution or abuse of process. Both of these causes of action require proof of malice, which is usually a factual question to be proven at the trial. With regard to the pleading requirements in a cause of action similar to the one at bar, the court, in *Porterfield v Saffan* (7 AD2d 987) stated: "The acts alleged in the first cause of action do not constitute malicious prosecution or abuse of process. In order to avoid discouraging free resort to the courts for the resolution of controversies, considerations of public policy have resulted in restricting the instances in which the mere bringing of a lawsuit by one party lays the foundation for the bringing of another lawsuit by the one sued. The minimal requirements of a cause of action for malicious prosecution or abuse of process cannot be bypassed merely by the expedient of labeling the cause of action as one in prima facie

tort, where, as here, there appears to have been sufficient self-interest on the part of defendant to negative malice, the essential ingredient of a cause of action for prima facie tort [citation omitted]." Accordingly, the order appealed from should not be disturbed insofar as it denied plaintiff's motion for summary judgment. However, we are of the view that defendant is entitled to summary judgment dismissing the complaint. While the complaint alleges that the defendant acted with malice, there is no indication, or even hint, in the pleadings or in the moving papers which substantiates that allegation. CPLR 3212 (subd [b]) permits the court, on a summary judgment motion, to grant it instead to the movant's adversary, even though the latter did not request such relief. The "exercise of that right is not limited to the court at Special Term or Trial Term, but may take place at the appellate level as well" *(Peoples Sav. Bank of Yonkers v County Dollar Corp.,* 43 AD2d 327, 334, affd 35 NY2d 836). Accordingly, the order has been modified to the extent heretofore indicated. Latham, J. P., Shapiro and Suozzi, JJ., concur; Hawkins, J., concurs in the affirmance of the denial of plaintiff's motion for summary judgment, but dissents from the grant of summary judgment to the defendants, with the following memorandum: I dissent and would vote merely to affirm Special Term's order denying plaintiff's motion for summary judgment. I cannot concur in the majority's determination to modify by granting summary judgment to defendants despite the absence of any cross motion for such relief by them addressed to Special Term. Granted that such cross motion is not necessarily crucial, it is not without significance. I note the reliance upon *Peoples Sav. Bank of Yonkers v County Dollar Corp.* (43 AD2d 327, affd 35 NY2d 836, 838). Although *Peoples Sav. Bank* granted summary judgment despite the absence of a cross motion, it is of dubious applicability for it involved solely questions of law, such as the enforceability of a restrictive covenant in a lease barring leasing to another bank and, also, the constitutionality of section 674-a of the Banking Law. Contrary to that holding, we are here presented with several factual issues which should be resolved upon a plenary trial.