OPINION OF THE COURT
Joseph Harris, J.
Judgment debtor moves for an order in effect declaring his 1973 Chevrolet to be property exempt, pursuant to CPLR 5205 (subd [a], par 7), from application to the satisfaction of a money judgment obtained by judgment creditor in the amount of $668.01. Judgment debtor contends said automobile is a "necessary working tool[s]”, "necessary to the carrying on of the judgment debtor’s profession or calling.”
However, nowhere in the motion papers is the court advised by the judgment debtor as to what his specific work is and why this automobile is specifically necessary to this work *995 other than generally useful in the sense that an automobile is useful to any workman for transportation purposes.
The phrase "necessary working tool” is not a complicated phrase in the normal workaday world. It ought not to be endowed by the courts with any greater mystique than it has in that world; to do otherwise would be judicial legislation.
If one is an electrician, it is obvious that wire cutters, pliers and similar implements would be "necessary working tools”, and it is obvious that is what was intended by the Legislature in its enactment of CPLR 5205 (subd [a], par 7), which was last amended in 1977, a time well into the era of the automobile, and a time when the Legislature surely was fully cognizant of the general usefulness of automobiles.
Certainly an automobile is "useful” in any trade, to get to and from a job, but unless there is a special relationship between the automobile and the intrinsic nature of the job (other than general usefulness or convenience), such as a taxi to a cab driver, it is not a "necessary working tool” within the intent and framework of CPLR 5205 (subd [a], par 7). It may well be that the general usefulness of a nonluxurious automobile such as the judgment debtor’s 1973 Chevrolet ought to be recognized as worthy, in today’s world, of exempt status from application to the satisfaction of money judgments, but such recognition must initially come from the Legislature. It had the opportunity in 1977 to recognize this concept of general usefulness, but did not choose to do so. All it had simply to do was insert the word "automobile” into the phraseology of CPLR 5205 (subd [a], par 7); it did not!
Thus in order for judgment debtor to be entitled to the relief sought, it was incumbent upon him to set forth to the court, facts which would show that his automobile was not merely generally useful to him but bore such a special relationship to the work engaged in by judgment debtor as to, first of all, constitute it a tool of such work, and secondly, such a "tool” as is "necessary to the carrying on of the judgment debtor’s profession or calling.” His motion papers are devoid of any such showing.
Judgment debtor points to an order of Supreme Court, dated March 1, 1979, in an unrelated judgment against him, wherein this same automobile was ordered released from execution by the Sheriff as exempt property. That order is not binding on the court here, nor is it persuasive, inasmuch as the same order indicates that a passbook in the amount of *996 $660, in the name of judgment debtor’s wife, was substituted for the automobile as security for the judgment.
Accordingly, the motion by judgment debtor for an order exempting his 1973 Chevrolet from application to satisfaction of the judgment herein is denied and the stay heretofore granted by this court on April 3, 1980, staying the judgment creditor and the Albany County Sheriff from executing upon said automobile, is vacated.
Submit order on five days’ notice! In the meantime judgment debtor shall not dispose of the automobile involved here.