■ MARTIN GLASS et al., Appellants, v JOEL S. WIENER et al., Respondents. — In an action to recover damages for the forcible entry into an apartment, plaintiffs appeal from an order of the Supreme Court, Kings County (Adler, J.), dated July 30, 1982, which denied their motion for summary judgment. Order modified, on the law, by adding thereto a provision that the defendants are granted summary judgment dismissing the plaintiffs' complaint. As so modified, order affirmed, without costs or disbursements. This action arises out of defendants' entry into the apartment of plaintiffs' deceased parents and the removal of the decedents' property. In their complaint, plaintiffs alleged that defendants forcibly entered into their parents' apartment and removed its contents, depriving plaintiffs of their rightful possessions and causing them mental anguish and emotional distress. Plaintiffs moved for summary judgment on the issue of liability and for an order directing an assessment of damages by a jury. That motion was properly denied by Special Term. Despite the fact that the complaint alleged two causes of action based on forcible entry and wrongful removal of the decedents' property, plaintiffs did not establish their capacity to sue. The plaintiffs' suit was brought on their own behalf and as the sole heirs and distributees of their parents. However, a cause of action to recover damages for forcible entry sounds in tort and reposes only in the person who had possession of the property (RPAPL 853; *Novick v Washington,* 110 Misc 379). Such an action could not be brought by parties who never had possession (*Novick v Washington, supra*). Based on the record, it is undisputed that the plaintiffs never had possession of the decedents' apartment. Inasmuch as the plaintiffs did not have capacity to sue under their causes of action, we are of the view that the defendants are entitled to summary judgment dismissing the complaint. CPLR 3212 (subd [b]) permits a court, on a summary judgment motion, to grant it instead to the movant's adversary, even though the latter did not request such relief (*Zeman v. Zack Agency,* 75 AD2d 261; *Howell v Davis,* 58 AD2d 852). This relief is available even at the appellate level (*Howell v Davis, supra; Peoples Sav. Bank of Yonkers v County Dollar Corp.,* 43 AD2d 327, 334, affd 35 NY2d 836). The order appealed from is therefore modified so as to grant summary judgment to defendants dismissing plaintiffs' complaint. Such modification is made without prejudice to the institution of a subsequent action on behalf of the estate to recover damages for the conversion or destruction of the property. Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.

■ RICHARD GUARAGNA, Respondent, v SOFT DRINK LEASING CORP. et al., Appellants, et al., Defendants. — Order of the Supreme Court, Westchester County, entered December 18, 1981, affirmed, insofar as appealed from, with $50 costs and disbursements, for the reasons stated in the memorandum of Justice Rubenfeld at Trial Term. O'Connor, J. P., Brown, Niehoff and Rubin, JJ., concur.