OPINION OF THE COURT
David B. Saxe, J.
Plaintiff moves for summary judgment on the ground that there are no triable issues of fact or law with respect to defendant’s liability for an alleged unlawful seizure and sale at auction of plaintiff’s vehicle.
Defendant cross-moves pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint for failure to state a cause of action against him.
On a motion for summary judgment, the court is empowered pursuant to CPLR 3212 (subd [b]) to search the record *276 and, if warranted, grant summary relief to the movant’s adversary, even though the latter did not request such relief. (See, e.g., Glass v Wiener, 92 AD2d 584.)
In view of this authority, and for the reasons set forth below, summary judgment is granted to defendant dismissing the complaint. In so holding, it is noted that although defendant’s moving papers on the surface seek relief under CPLR 3211 (subd [a], par 7), it is clear that both parties have addressed the merits of the action allowing a finding of summary judgment in favor of defendant. Plaintiff’s motion for summary judgment is accordingly denied.
The facts are not disputed. On March 24,1982, plaintiff’s vehicle, a 1968 Ford van bearing Connecticut license plates, was seized by deputy sheriffs of the City of New York pursuant to an execution filed with the Sheriff’s office by the Parking Violations Bureau of the City of New York as judgment creditor.
Subsequently, on March 31, 1982, the Sheriff’s office sent a mailgram to the Connecticut Department of Motor Vehicles requesting that they notify the registered owner of the subject vehicle of the seizure and that the vehicle would be sold at public auction unless the execution was paid.
Finally, on April 23, 1982, following publication and posting of a notice of Sheriff’s sale, the van was sold at public auction to satisfy the execution.
Plaintiff bases his claim for the alleged unlawful seizure and sale of his van on a purported failure of the defendant to notify him of the seizure pursuant to CPLR 5232 (subd [b]). That section requires the Sheriff, upon seizing an item of a judgment debtor’s personal property, to “forthwith serve a copy of the execution in the manner prescribed by subdivision (a) upon the person from whose possession or custody the property was taken.” CPLR 5232 (subd [a]), in turn, directs that service shall be effected “in the same manner as a summons”.
Here, the attempt of the Sheriff’s office to notify the plaintiff of the seizure and impending sale satisfied the above provisions of CPLR 5232 as a matter of law. Service of process in a Civil Court action, as a general rule, can *277 only be made within the City of New York. (CCA 403.) As such, defendant was under no obligation to serve plaintiff with a notice of execution in Connecticut. The attempt to notify plaintiff by communicating with the Connecticut Department of Motor Vehicles amounted to more than sufficient service under CPLR 5232 (subd [b]) as defined by subdivision (a) of that section.
In the Practice Commentary following CPLR 5232, Professor Siegel observes that: “If the judgment debtor is standing near the curb when the sheriff seizes his car, the ‘forthwith’ service is practicable. If the judgment debtor or other custodian of the car is nowhere about, or even loeatable, when the car is seized, ‘forthwith’ may take a bit longer, or even prove impossible. If the impossibility is no fault of the sheriff or judgment creditor, it should not upset the levy.” (McKinney’s Cons Laws of NY, Book 7B, CPLR C5232:4, p 391.)
Plaintiff, however, alternatively asserts that even if the attempted service of notice of execution satisfied CPLR 5232 (subds [a], [b]), those subdivisions, standing alone, were held unconstitutional prior to the seizure and attempted service.
In Deary v Guardian Loan Co. (534 F Supp 1178), the court held several CPLR enforcement provisions unconstitutional for failure to notify the judgment debtor about the possible exemption of his or her property from application to the satisfaction of a money judgment and to give him or her an opportunity to be heard on the subject. CPLR 5232, which consisted of only subdivisions (a) and (b) at that time, was among them. Subdivision (c) was added as an attempt by the Legislature to correct the constitutional deficiencies found in Deary.
Interestingly, and of particular significance to this case, the Sheriff’s attempted service came only 22 days after the Deary decision. CPLR 5232, however, was not amended to provide proper guidelines to the Sheriff’s office until September 1,1982. The Sheriff and his deputies were therefore forced to operate in a vacuum for six months. Although plaintiff is correct in asserting that the Sheriff’s office seized his van while acting in accordance with unconstitutional enforcement procedures, the execution and subsequent judicial sale will not be upset on this motion.
*278 As noted, the Sheriff’s office was acting in the absence of constitutional guidelines at the time of the levy and sale of the van. Plaintiff, on the other hand, had available to him opportunities to be heard concerning alleged exemptions either by a motion in advance of disposition of the property pursuant to CPLR 5240 (especially inasmuch as plaintiff does not assert lack of notice of the underlying judgment against him or recognition that his van was subject to seizure toward satisfaction of such judgment while it was located in New York City), or by an action to recover retrospective damages for wrongful taking or injury (see CPLR 5205, subd [b]).
If the instant action is deemed one for a wrongful taking pursuant to CPLR 5205, plaintiff has failed to state a cause of action. Nowhere in the motion papers is the court advised by plaintiff that his van is a “necessary working tool * * * necessary to the carrying on of the judgment debtor’s profession or calling.” (CPLR 5205, subd [a], par 7.) Absent a valid claim of exemption, the action for damages for a wrongful seizure and sale must be dismissed.
If plaintiff’s action is one based solely on defendant’s failure to provide him notice of possible exemptions before disposition of his property, the complaint must nevertheless be dismissed. The procedural guidelines established in response to the Deary case (supra), i.e., CPLR 5222 (subds [d], [e]) and 5232 (subd [c]), had not yet been enacted at the time of the seizure herein.
Secondly, the property actually seized, i.e., plaintiff’s van, is of a type traditionally not subject to any exemptions. (See Thorpe Elec. Supply v Dietz, 104 Misc 2d 994.)
Based on the foregoing, the court therefore finds that, as a matter of law, plaintiff has failed to establish a cause of action for any damages arising out of the Sheriff’s office’s failure to notify him of the seizure and subsequent judicial sale of his van to satisfy an underlying judgment.
The court notes at this point that even had a cause of action for a wrongful taking been stated, the named defendant, Edward A. Pichler, as Sheriff of the City of New York, is not liable for the acts or omissions of his deputies. Pursuant to the provisions of subdivision b of section 1032-12.0 of the Administrative Code of the City of New York: *279 “Any act or omission of any employee of the city in the office of the sheriff, done or made in the performance of an official duty or for the performance of which the city receives compensation or a fee, shall be the act or omission of the city and damages, if any, resulting therefrom shall be deemed the liability of the city.” The City of New York would therefore be singularly liable for any wrongful acts of defendant’s deputies, and not Edward A. Pichler, as Sheriff of the City of New York.
Accordingly, summary judgment is granted to defendant dismissing the complaint. Plaintiff’s motion for summary judgment is correspondingly denied.