ROSALYND HORNSTEIN, Respondent, v EDWARD H. WOLF et al., Appellants, et al., Defendants.

Second Department, June 24, 1985

APPEARANCES OF COUNSEL

*David B. Horowitz,* appellant *pro se,* and for Horowitz & Wolf and Ruth Petker, individually and as administratrix of the Estate of Aaron Petker, deceased.

*L'Abbate & Balkan (Peter L. Contini* of counsel), for Herbert Nason and another, appellants.

*Henry Conan Caron* for respondent.

## OPINION OF THE COURT

WEINSTEIN, J.

This action emanates from a legal malpractice claim against plaintiff's husband Richard Hornstein for his alleged negligence in handling the Petkers' personal injury action. In the course of that action, Hornstein failed to prepare a bill of particulars which resulted in an order of preclusion which Hornstein failed to cure. Hornstein thereafter concealed this fact and led his clients to believe that the personal injury action was coming up for trial.

Aaron Petker retained defendant Nason & Cohen, P. C., to commence an action against Richard Hornstein to recover damages for breach of contract and legal malpractice. Said action resulted in the entry of a judgment in favor of Mr. Petker in the sum of $20,078. After Mr. Petker's death, defendant Ruth Petker, duly appointed administratrix of her husband's estate, retained Nason & Cohen, P. C., to represent her in connection with her husband's estate. Horowitz & Wolf were subsequently retained to assist in the enforcement of the underlying judgment.

It bears noting that Richard Hornstein, against whom 17 judgments totaling in excess of $100,000 were entered, transferred title of his and his wife's marital residence to his wife's sole name. A proceeding was eventually commenced on behalf of Ruth Petker to set aside certain conveyances of real and personal property made by Richard Hornstein to his wife without consideration. Pending a hearing on that application, a temporary restraining order was served against designated bank accounts and a safe-deposit box held in the name of Rosalynd Hornstein. The Hornsteins interposed an answer containing a counterclaim for damages in the sum of $25,000 arising from the alleged harassment of them by Ruth Petker and her attorneys. The Supreme Court, Nassau County (Burstein, J.), ordered a

hearing as to the alleged fraudulent transfer of real property by Richard Hornstein to his wife but dismissed the counterclaim on the ground that it failed to state a cause of action.

While Ruth Petker's proceeding relating to the alleged fraudulent conveyance of real and personal property was still pending, Rosalynd Hornstein commenced an action sounding in malicious prosecution against all of the named defendants. A motion by several defendants to dismiss the complaint was granted (per Young, J.), on the ground that the action to recover damages for malicious prosecution was premature. This court affirmed that order (*Hornstein v Wolf*, 78 AD2d 674).

The proceeding relating to the alleged fraudulent conveyances went to trial in April 1981. It resulted in a judgment only declaring fraudulent the Hornsteins' conveyance of their marital residence to Rosalynd Hornstein's sole name. Said conveyance was set aside to the extent necessary to satisfy the judgment previously entered in favor of decedent Aaron Petker. Ruth Petker's application for a judgment directing a Sheriff's sale of the real property and for attorney's fees was, however, denied.

Rosalynd Hornstein commenced the instant action in or about September 1982. The two subject motions, insofar as they sought an order dismissing the first and second causes of action of the complaint on various grounds, were denied in the order appealed from against all but Ruth Petker in her individual capacity. Special Term found that the complaint does state a cause of action to recover damages for malicious prosecution and abuse of process against the appellants.

 On appeal, the primary contention of the appellants is that the complaint fails to state a cause of action sounding in malicious prosecution and abuse of process against them and that the court erred in denying so much of their motions as sought dismissal of those claims. We agree.

"Under modern pleading theory, a complaint should not be dismissed on a pleading motion so long as, when the plaintiff is given the benefit of every possible favorable inference, a cause of action exists" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 634).

Initially, we note that unless a motion to dismiss for failure to state a cause of action is converted by the court to a motion for summary judgment, affidavits received on the motion are not to be examined for the purpose of determining whether there is evidentiary support for the pleading (*see, Guggenheimer v Ginzburg*, 43 NY2d 268, 272; *Rovello v Orofino Realty Co., supra,* at p 635).

■ At bar, the notice of motion on behalf of defendants Nason and Cohen was formally designated a motion for summary judgment as well as a motion to dismiss the first, second and third causes of action pursuant to CPLR 3211 (a) (7). The notice of motion on behalf of the other defendants, however, made no mention of summary judgment. Under the circumstances of this case, it cannot be said that the parties supplied and relied upon evidentiary material which Special Term then considered in its decision, thereby effectively treating the motion to dismiss as a motion for summary judgment (*cf. De Filippo v White,* 101 AD2d 801, 802). Accordingly, our review is limited to an assessment of the sufficiency of plaintiff's pleading on its face.

■ We conclude that plaintiff's cause of action sounding in malicious prosecution should be dismissed as against appellants on the ground that said cause of action is insufficient on its face. The mere bringing of a civil suit, even if groundless and ill-motivated, does not result in special damage or injury sufficient to sustain an action for malicious prosecution (36 NY Jur, Malicious Prosecution, § 10, at 263-264). The elements essential to the maintenance of a cause of action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) a lack of probable cause, and (4) malice (*Colon v City of New York,* 60 NY2d 78, 82, *rearg denied* 61 NY2d 670; *Martin v City of Albany,* 42 NY2d 13, 16). In the instant case, the complaint merely alleges that defendants acted "wrongfully, wilfully, recklessly, wantonly and maliciously and without just, reasonable or probable cause" in procuring the temporary restraining orders against plaintiff's personal property. On its face, the complaint demonstrates that Horowitz & Wolf had probable cause to have plaintiff's bank accounts restrained inasmuch as the restraining orders were issued by a court of appropriate jurisdiction, which first had to pass upon the evidence presented to it in order to ascertain whether or not a temporary restraining order was warranted. To overcome the presumption of probable cause created by virtue of any judicial determination, whether final or preliminary, fraud, perjury or the withholding of evidence in order to obtain the provisional order must be shown (*see,* 36 NY Jur, Malicious Prosecution, § 42, at 311-313). The mere pleading of conclusory allegations does not overcome the presumption of probable cause arising from a decree or order of a judicial officer (*see, Rubin v Houbigant, Inc.,* 268 NY 552, *affg* 243 App Div 596; *Hodge v Skinner,* 254 App Div 42; *Finsilver v Still,* 240 App Div 87, 90; *Cook v Dodge,* 7 NYS2d 923, 925). In the instant case, plaintiff has

supplied no facts in the pleadings or otherwise to overcome the presumption of probable cause.

On the contrary, the facts reasonably support appellants' belief that plaintiff was involved in a plan to defraud Richard Hornstein's creditors. Plaintiff's husband conveyed all his interest in the marital residence to plaintiff some two years after entry of judgment on behalf of Aaron Petker. Moreover, plaintiff, who had not been employed since 1966, and who had no earnings or income of her own, deposited a total of $7,035.90 between 1971 and 1977 in her savings account. These deposits included checks payable to Richard Hornstein and indorsed by him for deposit. Moreover, his personal bills and obligations were paid directly from his wife's account. Accordingly, appellants clearly had probable cause to have plaintiff's bank accounts restrained.

Nor has plaintiff sufficiently alleged that appellants acted with malice, defined as "conscious falsity" (*Munoz v City of New York,* 18 NY2d 6, 9). "In order to avoid discouraging free resort to the courts for the resolution of controversies, considerations of public policy have resulted in restricting the instances in which the mere bringing of a lawsuit by one party lays the foundation for the bringing of another lawsuit by the one sued" (*Porterfield v Saffan,* 7 AD2d 987, *affd* 7 NY2d 816). Thus, in order to set forth a cause of action to recover damages for malicious prosecution, more than conclusory, unsubstantiated allegations are necessary. While the complaint alleged, in a conclusory fashion, that defendants acted with malice, neither the pleadings nor the moving papers set forth the factual basis for such an allegation (*see, Howell v Davis,* 43 NY2d 874, *affg* 58 AD2d 852). Accordingly, the cause of action sounding in malicious prosecution should have been dismissed as against appellants.

Abuse of process may be defined as the misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process (*Curiano v Suozzi,* 63 NY2d 113, 116; *Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397). There are three essential elements to the cause of action: (1) regularly issued process compelling the performance or forbearance of some prescribed act; (2) the person activating the process must have been motivated to do harm without economic or social excuse or justification; and (3) the person activating the process must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of process (*Board of Educ. v Farmingdale Classroom Teachers Assn., supra,* at p 403; *Williams v Williams,* 23 NY2d 592).

■ The instant complaint does not state a cause of action sounding in abuse of process inasmuch as it is lacking the second and third elements set out above. In her complaint, plaintiff claims only that the temporary restraining orders were issued for the purpose of harassing her and exhausting her financial resources. There are no factual allegations of actions by appellants in conjunction with the temporary restraining orders which demonstrate a misuse of process. On the contrary, the temporary restraining orders were issued for the purpose of enforcing a judgment against the property of plaintiff's husband which he appeared to have conveyed to plaintiff without consideration. There was probable cause to believe such conveyances were made to defraud Petker's estate. Each temporary restraining order was sought for the purpose of protecting Petker's estate against irreparable injury by enjoining any transfer of the property and preserving the status quo pending a hearing. The process was used for its proper and legitimate purpose, not to achieve some improper collateral advantage. Accordingly, no cause of action has been stated to recover damages for abuse of process.

The record, as a whole, does not remedy the defects in the complaint (*Foley v D'Agostino*, 21 AD2d 60; *Kroy Tanning Co. v Brentwood Yarn Mills*, 107 AD2d 798; *see also, May Metropolitan Corp. v May Oil Burner Corp.*, 290 NY 260). Where, as here, a complaint is insufficient and, as a matter of law, there is no reasonable possibility that plaintiff will prevail on the merits, *Rovello v Orofino Realty Co.* (*supra*) is distinguishable and dismissal of the complaint is mandated (*ATI, Inc. v Ruder & Finn*, 42 NY2d 454, 461).

We have considered the parties' remaining contentions and find them to be without merit.

BROWN, J. P., RUBIN and EIBER, JJ., concur.

Order modified, on the law, and the aforenoted branches of appellants' motions which sought to dismiss plaintiff's first and second causes of action as to them granted. As so modified, order affirmed insofar as appealed from, with one bill of costs payable to appellants appearing separately and filing separate briefs.