■ EDWIN A. BERNSTEIN, Respondent, v HUGH B. LA RUE et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 30, 1985, which denied their motion to dismiss the complaint.

Order affirmed, with costs.

In 1976, the plaintiff and the individual defendant entered into a written agreement whereby two corporations would be formed; one in California and one in New York. The California corporation was incorporated in February 1979, and was the only one still in existence at the time the action was commenced. (The New York corporation was dissolved in 1984.) Pursuant to the terms of the agreement, the plaintiff was to be given 25% ownership and was to be appointed a director of the corporations. In return, the plaintiff agreed to advance moneys and to provide certain services to the individual defendant to enable him to conduct a media brokerage business. No date certain was fixed for the formation of the corporations. Nor was a time fixed for the delivery by the individual defendant of evidence of the plaintiff's 25% ownership.

The plaintiff alleges that subsequent to the execution of the agreement, the individual defendant misrepresented that "business was bad" and that there were no profits to be distributed. The plaintiff claims that it was not until 1984 that he discovered the legal status of the business and that the individual defendant had brokered several large transactions. At this point, the plaintiff demanded but was refused his 25% ownership interest in the corporation. Therefore, in June 1985 the plaintiff commenced the instant action.

The complaint asserts four causes of action: to recover damages for breach of contract, conversion, and fraud, and for an accounting. The defendant moved to dismiss these causes

of action pursuant to CPLR 3211 (a) (5) on the ground that they were barred by the applicable Statute of Limitations.

The Statute of Limitations applicable to contract actions is six years (CPLR 213) and the cause of action accrues and the statute begins to run from the time of the breach *(Kassner & Co. v City of New York,* 46 NY2d 544). In the instant case the earliest point that there could have been a breach of contract was after the formation of the California corporation in 1979. However, where, as here, the contract specified no time for performance, the parties had a reasonable time to perform and the breach could only occur after the expiration of such reasonable time. The question of what is a reasonable time is a factual one to be determined upon the trial of the action *(Spagna v Licht,* 87 AD2d 626; *Lituchy v Guinan Lithographic Co.,* 60 AD2d 622).

The plaintiff's cause of action for an accounting is governed by the six-year Statute of Limitations (CPLR 213) and accrues only when the duty to pay arises *(see, Schochet v Public Natl. Bank,* 220 App Div 201). However, the time such a duty arises is dependent upon the time for the defendants' performance under the parties' contract. Therefore, as with the accrual of the contract cause of action, a factual question is presented which must be determined at trial.

The three-year Statute of Limitations is applicable to conversion actions (CPLR 214 [3]) and generally, runs from the date the conversion takes place *(Al-Roc Prods. Corp. v Union Dime Sav. Bank,* 74 AD2d 834). "Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property" *(Johnson v Gumer,* 94 AD2d 955). However, "where [the] right [to demand] grows out of the receipt or detention of money or property by a trustee, agent * * * or other person acting in a fiduciary capacity, the time within which the action must be commenced shall be computed from the time when the person having the right to make the demand discovered the facts upon which the right depends" (CPLR 206 [a] [1]).

In this case, the plaintiff alleges a fiduciary relationship with the individual defendant and that it was not until 1984 that he discovered the true legal and financial status of the business. At that point, he claims to have demanded and been refused his interest in the corporation. Under this version, the Statute of Limitations accrued and began to run in 1984 and thus, this cause of action was timely commenced.

With respect to his final cause of action sounding in fraud, the plaintiff alleges that the individual defendant intentionally misrepresented the financial and legal status of the corporation. Since the element of scienter is alleged, the fraud cause of action falls into the category of actual as opposed to constructive fraud *(see, Brown v Lockwood,* 76 AD2d 721). When the cause of action is premised upon actual fraud, the Statute of Limitations is six years from the commission of the fraud or two years from the time the plaintiff discovered or should have discovered the fraud, whichever is later *(Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353, 355-356, *appeal dismissed* 42 NY2d 824). The plaintiff alleges that he discovered the fraud in 1984. Thus, a factual issue exists as to the timeliness of this cause of action as well. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.