**In re Linda Marie LAUTERBACH, Debtor.**

**Bankruptcy No. 86–01429.**

United States Bankruptcy Court, N.D. New York.

June 11, 1987.

Randy J. Schaal, Sherrill, N.Y., Trustee.

Stephen J. Pawlinga, Utica, N.Y., for debtor.

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The Trustee has objected to a claimed exemption of the debtor, Linda Marie Lauterbach ("Debtor"). The matter was heard on March 23, 1987, at which time Debtor's counsel was given the opportunity to submit a memorandum of law supporting the claim to the disputed exemption. Debtor's counsel did not avail himself of this opportunity.

Debtor filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 ("Code") on December 18, 1986. In Schedule B–2 ("Personal Property") filed with her petition, Debtor identified total assets consisting of $200.00 in a checking account, and $1,500.00 of miscellaneous household furnishings. In Schedule B–4 ("Property Claimed as Exempt"), Debtor designated the above items as exempt, together with any recovery up to an amount of $8,300.00 that she should recover in pending litigation. Debtor's "State of Financial Affairs" fleshed out the nature of the pending litigation, revealing that Debtor had commenced suit in the Utica City Court seeking 1) damages due to the conversion of a 1969 Jaguar automobile, and 2) the repayment of other sums advanced to the defendant.

At the return date, Debtor's counsel stated his belief that his client was entitled to a total exemption of up to $10,000.00 in personal property. As the identified bank account and household furnishings totaled $1,700.00, Debtor's counsel contended the lawsuit proceeds were exempt in an amount up to $8,300.00. Counsel revealed that the state court suit contained a number of causes of action concerning the automobile, variously seeking replevin as well as monetary damages in an amount equal to the auto's value at the time of transfer. Debtor's counsel represented that the automobile, in a stripped and worthless condition, has been abandoned to a cornfield near Sauquoit, New York.

The Trustee does not contest Debtor's ability to seek a claimed exemption in an automobile which she owns, but averred Debtor stated at the Code § 341 meeting that she had neither title nor possession of the car. The Trustee indicates his objection pertains to Debtor's ability to claim an exemption in any potential lawsuit proceeds.

## DISCUSSION

Since September 1, 1982, bankruptcy debtors in the State of New York have been restricted to claiming only those exemptions provided for under state law. *See* § 1 and § 2 of L.1982, c. 540; New York Debtor & Creditor Law § 284 (McKinney Supp.1987) ("D & C"); Code § 522(b). The New York law applicable to bankruptcy exemptions is set forth at D & C § 282 and § 283, § 5205 and § 5206 of the Civil Practice Law & Rules (McKinney 1978 & Supp.1987) ("CPLR"), and Insurance Law § 3212 (McKinney 1985).

Based upon the facts as set forth in Debtor's petition, she could conceivably be entitled to a bankruptcy exemption in one motor vehicle which she owns not exceeding $2,400.00 in value above liens and encumbrances. D & C § 282 subd. 1. However, as the Debtor does not have title to an automobile, this exemption is not applicable. The second relevant exemption would be Debtor's right to claim items of personal property as delineated in CPLR § 5205. Because the Debtor has not claimed a homestead exemption pursuant to CPLR § 5206, she is entitled to a cash exemption in an amount not to exceed $3,300.00. *See* D & C § 283 subd. 2. The term "cash" is defined in the statute.[1]

---

1. "For purposes of this subdivision, cash means currency of the United States at face value, savings bonds of the United States at face value, the right to receive a refund of federal, state

CPLR § 5205(b) provides an exemption for causes of action to recover damages for the taking or injury of personal property otherwise exempt by virtue of CPLR § 5205. D & C § 282 subd. 1 does not contain a similar bankruptcy exemption for automobiles, nor may the reference to CPLR § 5205 and § 5206 in D & C § 282 be said to apply the "cause of action" exception to a motor vehicle exempt by virtue of D & C § 282(1). The cause of action exemption provided by CPLR § 5205(b) will not extend to causes of action involving automobiles "unless there is a special relationship between the automobile and the intrinsic nature of the job (other than general usefulness or convenience) such as taxi to a cab driver". *Thorpe Electrical Supply, Inc. v. Deitz*, 104 Misc.2d 994, 995, 429 N.Y.S.2d 386 (N.Y.Sup.Ct.1980) (holding an automobile generally not susceptible to classification as a "necessary working tool" under CPLR § 5205(a) para. 7).

Debtor has not demonstrated a special nexus with the automobile so as to bring it within the extremely narrow confines of the "necessary working tool" exemption. Nor can the Court hold that the prospective ability to receive the proceeds of causes of action, not involving those delineated in D & C § 282 subd. 3, is "cash" as defined above.

As a consequence of the foregoing, it is

ORDERED:

1. The Trustee's motion objecting to debtor's claimed exemption in the proceeds of the suit pending in the Utica City Court is granted.

and local income taxes, and deposit accounts in any state or federally chartered depository institution." D & C § 283 subd. 2.