OPINION OF THE COURT
John Michael Galasso, J.
The motion of defendant Edward Horowitz, doing business as Pine Hollow Farms, for an order dismissing the complaint as against him on the grounds that a defense is founded upon documentary evidence, that the Statute of Limitations has expired, and that the complaint fails to state a cause of action against him, pursuant to CPLR 3211 (a) (1), (5) and (7), respectively, is denied.
The plaintiff commenced this action against defendant Horowitz on August 18, 1993, by service of a summons and complaint which asserts two causes of action against him for breach of contract and fiduciary duty and for conversion. The facts pertinent to the determination of this motion as alleged in the complaint are that in or about April 1990, an agreement was entered into between the plaintiff and the defendant whereby the defendant agreed to act as plaintiff’s agent in the sale of a horse owned by the plaintiff. The defendant, with plaintiff’s consent, delivered the horse to defendant Trout who agreed to attempt to sell the horse at his farm in New Jersey. In or about July 1991, the plaintiff allegedly learned that defendant Horowitz had altered the terms of the agreement with defendant Trout without plaintiff’s consent. Plaintiff *227 thereafter requested defendant Horowitz to recover possession of the horse for her. He refused to recover the horse or to pay plaintiff for the horse, giving rise to plaintiff’s causes of action against the defendant for breach of contract and conversion.
The three-year Statute of Limitations applicable to conversion actions (CPLR 214 [3]) generally runs from the date the conversion takes place. (Berstein v La Rue, 120 AD2d 476, 477 [2d Dept 1986].) Where, as here, the original possession is lawful, " 'a conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property’.” (Supra, 120 AD2d, at 477, quoting Johnson v Gumer, 94 AD2d 955.) Based upon the factual allegations set forth in the complaint, the earliest date on which the defendant could have refused to return the horse was in July 1991, in which instance plaintiff’s cause of action for conversion appears to have been timely commenced. Because the determination of this issue requires the resolution of material facts, the motion to dismiss the complaint on this ground must be denied. (See, 1303 Webster Ave. Realty Corp. v Great Am. Surplus Lines Ins. Co., 63 NY2d 227, 231 [1984]; Berstein v La Rue, supra, at 478.)
The plaintiff, in her opposition to dismissal on Statute of Limitations grounds, contends that the recently enacted CPLR 306-b (b) serves to extend the time period within which to commence the instant action for conversion, because a prior otherwise timely action had been dismissed on July 14, 1993 for failure to effect proper service. This raises an issue which appears to be of first impression, namely, whether the Statute of Limitations tolling provision set. forth in CPLR 306-b (b) applies to actions commenced in the lower courts which have been dismissed for failure to effect proper service.
CPLR 306-b, entitled "Filing proof of service in an action commenced in supreme or county court”, provides in subdivision (b) that where a timely commenced action is subsequently dismissed either for failure to file proof of service pursuant to the filing requirement of CPLR 306-b (a) or for failure to effect proper service, the plaintiff may commence a new action within 120 days of such dismissal, despite the expiration of the Statute of Limitations after the commencement of the original action. While this court is aware of the Practice Commentary to CPLR 306-b suggesting that the 120-day Statute of Limitations tolling provision should apply to actions commenced in the lower courts (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306 *228 b:3, 1994 Pocket Part, at 59), the argument necessarily fails within the legislative scheme as enacted in 1992.
Unlike a Supreme or County Court action, which under the new scheme is deemed commenced by filing a summons and complaint with the clerk of the court, after which the plaintiff must effect service of process and file proof of that service (CPLR 304, as amended by L 1992, ch 216, § 4), a District Court action is specifically commenced by the service of a summons (UDCA 400, added by L 1992, ch 216, § 14). The Statute of Limitations extension provision of CPLR 306-b (b), which affords the Supreme or County Court plaintiff a grace period of 120 days within which to commence a second action after the first, timely commenced, action has been dismissed because proper service was not effected or proof of service was not filed, has no logical application to a District Court action, While the "filing” method of starting actions has been adopted in the Supreme and County Courts, "[t]he 'service* system remains in effect in the lower courts — the New York City Civil and the district, city, town, and village courts — where the service of the summons will still be the moment of 'commencement’ for statute of limitations purposes”. (Siegel, NY Prac § 63, at 13 [2d ed 1993 Pocket Part].) A District Court action which has been dismissed for improper service of process has not been commenced, and thus cannot have been "timely commenced” for Statute of Limitations purposes within the meaning of CPLR 306-b (b).
Those portions of the motion which seek dismissal on the grounds that a defense is based upon documentary evidence and that the complaint fails to state a cause of action (CPLR 3211 [a] [1], [7], respectively) are similarly denied. "Under modern pleading theory, a complaint should not be dismissed on a pleading motion so long as, when the plaintiff is given the benefit of every possible favorable inference, a cause of action exists.” (Rovello v Orofino Realty Co., 40 NY2d 633, 634 [1976].) Unless a motion to dismiss for failure to state a cause of action is converted by the court to a motion for summary judgment, affidavits submitted in support of or in opposition to the motion are not to be examined for the purpose of determining whether there is evidentiary support for the pleading. (Hornstein v Wolf, 109 AD2d 129, 131 [2d Dept 1985].)
The instant complaint adequately states causes of action against the defendant for breach of contract and conversion. Moreover, dismissal on this ground, as well as on the related ground that a defense is based upon documentary evidence, *229 requires the resolution of factual issues which are not subject to determination on this motion. (See, Hornstein v Wolf, supra; Rovello v Orofino Realty Co., supra.)
Finally, the court notes that the defendant, by stipulation dated December 14, 1993, has withdrawn with prejudice all personal jurisdictional defenses to the instant action, rendering moot that portion of the motion seeking dismissal on jurisdictional grounds pursuant to CPLR 3211 (a) (8).