THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
          *v.* WILLIAM J. EVANS, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued January 22, 1923; decided February 27, 1923.)

APPEAL from a judgment of the Kings County Court, rendered April 3, 1922, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Edward J. Reilly* for appellant.

*Charles J. Dodd, District Attorney (Henry J. Walsh* and *William F. X. Geoghan* of counsel), for respondent.

Judgment of conviction affirmed under the provisions of section 542 of the Code of Criminal Procedure; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.

---

DELAWARE MILLS, INC., Respondent, *v.* CARPENTER
          BROTHERS, INC., Appellant.

*Contract — Statute of Frauds — sufficiency of memorandum to satisfy statute.*

*Delaware Mills, Inc.,* v. *Carpenter Bros., Inc.,* 200 App. Div. 324, affirmed.

(Argued January 22, 1923; decided February 27, 1923.)

APPEAL from a judgment, entered April 3, 1922, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury and directing judgment in favor of plaintiff. The action was brought to recover damages for breach of an alleged contract growing out of the refusal by defendant of a carload of feed, known as " Delaware stock feed," which it had purchased of the plaintiff. The defendant interposed a general denial and set up the further defense of the Statute of Frauds, alleging that there was no sufficient memorandum signed by defendant to satisfy the provisions of the statute. The Appellate Division held

that by reading together the memorandum slip containing the terms of the contract and the letters of the plaintiff of September first and October fifth with the defendant's answers indorsed thereon, a complete written contract, or note, or memorandum, signed by the party to be charged is sufficiently established to satisfy the Statute of Frauds.

*Percy V. D. Gott* for appellant.
*Israel T. Deyo* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.

---

FRANK EVANOVITCH, Appellant, *v.* PHILADELPHIA AND READING COAL AND IRON COMPANY, Respondent.

*Negligence — master and servant — injury to employee in mine from falling rock — judgment for damages properly reversed in absence of evidence that his superior had been requested to furnish props.*

*Evanovitch* v. *Phila. & Reading Coal & Iron Co.*, 184 App. Div. 910, affirmed.

(Argued January 22, 1923; decided February 27, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 24, 1918, reversing a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. The complaint alleged that on June 11, 1914, while plaintiff was in defendant's employ as a laborer in its anthracite mine known as Bear Valley Colliery at Bear Valley, Penn., he was struck and severely injured by heavy fragments of coal which fell from above, due to negligence both on the part of the defendant's superintendent and on the part of its miner, plaintiff's direct superior; that the superintendent was negligent in failing to supply necessary props and timbers and the miner, plaintiff's immediate superior, in directing him to work