TILTON & KEELER, INC., Plaintiff, *v.* JOSEPH BACHRACH and LEONARD BACHRACH, Copartners Trading as JOSEPH BACHRACH & SON, Defendants.

City Court of the City of New York, November, 1923.

Contracts — Statute of Frauds — action for goods sold but not accepted — when correspondence concerning sale will be deemed a sufficient memorandum under Statute of Frauds.

A memorandum sufficient to satisfy the Statute of Frauds may consist of several letters or other writings so connected by their contents as to constitute a memorandum for the sale of property.

In an action for goods sold but not accepted by defendants it appeared that plaintiff on October 19, 1921, wrote to defendants, "we are herewith enclosing confirmation in duplicate covering goods purchased by you. We would ask you to kindly sign the unsigned copy and return to us at your earliest convenience," to which no reply was made. On December 27, 1921, defendants wrote to plaintiff: "Please postpone all January deliveries on our orders until February 1, 1922, unless instructed to the contrary." The following day the plaintiff, replying thereto, wrote: "We wish to advise that we have looked over our January file and fail to find having received an order from you for delivery during this month." On December 30, 1921, the defendants again wrote: "In answer to your letter of the 28th in reference to our letter of the 27th we should advise that the order referred to calls for 100 pieces of Dunbar Suiting." *Held*, that, as matter of law, the correspondence was a sufficient memorandum under the Statute of Frauds and that plaintiff was entitled to judgment for the sum of money demanded by the complaint, with interest and costs.

ACTION on contract.

*Douglass Newman*, for plaintiff, on motion.

*Jacob M. Schoenfeld*, for defendants, opposed.

FINELITE, J. This is an action brought by the plaintiff against the defendants for goods sold and not accepted by defendants. On the trial thereof, a jury having been waived, there was submitted to the court a question of law as to whether or not the defense of the Statute of Frauds pleaded by the defendants is available to them under the circumstances. The court finds as a matter of fact that heretofore and on the 17th day of October, 1921, a certain agreement was made by and between the plaintiff and the defendants, whereby the plaintiff agreed to sell and deliver to the defendants and the defendants agreed to purchase from the plaintiff, certain goods and merchandise known as Dunbar suiting, plaintiff's No. 987, deliveries to be made in November and December on the terms of two per cent off, ten days, April 1, 1922, at thirty-three and one-half cents per yard, in various color assort-

ments, and that, at the special instance and request of the defendants, plaintiff withheld the delivery of the said merchandise; that the time for delivery of the said merchandise should be postponed until April 18, 1922; that thereafter and about the 15th day of April, 1922, the defendants repudiated the agreement and stated that they refused and would refuse absolutely to accept the aforesaid merchandise, although the plaintiff was ready, willing and able and offered to deliver the same to the defendants, whereupon the plaintiff notified the defendants that upon their failure to accept deliveries of the said merchandise it would be offered for sale at public auction; that the merchandise was duly delivered by the plaintiff to Wilmerding, Morris & Mitchell, public auctioneers, for sale; that the auctioneers duly advertised said sale for Wednesday, April 26, 1922, at ten A. M., at their office in the city of New York, and duly notified the defendants thereof; the said sale was held on April 26, 1922, and there was realized thereon by said auctioneers the sum of $922.37 net; that the said auctioneers paid to the plaintiff for the sale of the 100 pieces of Dunbar suiting the sum of $922.37; that by reason of the premises the plaintiff was damaged in the sum of $440.42. The defendants deny these facts and set up a separate and distinct defense; that the alleged agreement was a contract for the sale of goods of the agreed price of upwards of $50, and that the defendants did not accept any part of the goods so alleged to have been contracted to be sold or actually receive the same, nor did the said defendants give anything in earnest to bind the said alleged contract or in payment, nor was any note or memorandum in writing of the alleged contract of sale signed by the said defendants, or by their agents in their behalf, and that such alleged agreement is, therefore, unenforcible in an action pursuant to the statute in such cases made and provided. Thus the only question to be decided herein is the Statute of Frauds. It appears from the correspondence had between the plaintiff and the defendants that the plaintiff on October nineteenth wrote to the defendants that " we are herewith inclosing confirmation in duplicate covering goods purchased by you. We would ask you to kindly sign the unsigned copy and return to us at your earliest convenience," to which no reply was made. On December 27, 1921, defendants wrote to the plaintiff: " Please postpone all January deliveries on our orders until February 1, 1922, unless instructed to the contrary." The following day the plaintiff replying thereto wrote: " We wish to advise that we have looked over our January file and fail to find having received an order from you for delivery during this month." On December 30, 1921, the defendants again wrote: " In answer to your letter of the 28th

in reference to our letter of the 27th we should advise that the order referred to calls for 100 pieces of Dunbar Suiting." The question now arises whether the exchange of correspondence is a sufficient memorandum in writing as required by the statute so that the defense of the Statute of Frauds will not be available to the defendants, or whether the letters as written by the defendants to the plaintiff referring to the purchase of the 100 pieces of Dunbar suiting, although containing different dates of the alleged purchase, must have been an afterthought on behalf of the defendants, so that they could plead in case of suit the Statute of Frauds, that no memorandum in writing was ever entered into between the plaintiff and the defendants for the purchase of said merchandise. As a matter of law the court finds: As it has been said in *Spiegel* v. *Lowenstein*, 162 App. Div. 443, 448, Lyon, J., in writing the opinion: " * * *. As to the merits of the defense of the Statute of Frauds, it was not the intention of the statute to require that the memorandum should of itself constitute a contract, as it was required to be signed only by the party to be charged. Had such been the intention the statute would have declared that all such contracts should be void unless in writing. The purpose of the memorandum is to serve as an acknowledgment or admission in writing of the person to be charged that such a contract had been made. The statute does not brand a verbal contract as illegal but simply says a verbal contract shall not be enforcible by action unless there be some note or memorandum thereof in writing signed by the party to be charged. It matters not how informal or bunglingly constructed the memorandum may be. Anything actually under the hand of the party sought to be charged admitting that he had entered into the agreement will be sufficient to satisfy the statute, which was only intended to protect parties from having parol agreements, dependent upon human recollection and veracity, imposed upon them. (Wood Stat. Frauds, § 345.) " The simple statement referring to the contract contained in a letter signed by the party to be charged, " I made the contract for the goods," is sufficient. *Bailey* v. *Sweeting*, 30 L. J. C. P. 150. It is not necessary that such note or memorandum is contained in a single paper, but it may consist of several letters or other writings so connected by their contents as to constitute a note or memorandum for the sale of the property. All that is required is that the writing sufficiently evidenced the contract of the parties. If the writings refer to letters or other documents, they may be used as part of the memorandum; but taken as a whole they must contain all the essentials of the contract, so that resort need not be had to parol proof. *Bauer* v. *Oceanic Steam Navigation Co., Ltd.*,

178 N. Y. 339; *Doughty* v. *Manhattan Brass Co.*, 101 id. 644; *Mentz* v. *Newwritter*, 122 id. 491; *Turner Co.* v. *Robertson*, 55 Misc. Rep. 280; Abb. Tr. Ev. (2d ed.) 358, 359. And as was correctly said by Cardozo, J., in *Marks* v. *Cowdin*, 226 N. Y. 138, 144: "We exclude the writing that refers us to spoken words of promise. We admit the one that bids us ascertain a place or a relation by comparison of the description with some 'manifest, external and continuing fact' * * *. The statute must not be pressed to the extreme of a literal and rigid logic. Some compromise is inevitable if words are to fulfill their function as symbols of things and of ideas. How many identifying tokens we are to exact, the reason and common sense of the situation must tell us. 'What, then, is a sufficient description in writing? No one can say beforehand.' * * * 'You cannot have a description in writing that will shut out all controversy, even with the help of a map * * *.'" Again at page 145: "The memorandum exacted by the statute does not have to be in one document. It may be pieced together out of separate writings, connected with one another either expressly or by the internal evidence of subject matter and occasion." Citing authorities. Tested by these rules the letters written by the defendants to the plaintiff are an acknowledgment of the purchase having been signed by the defendants requesting a postponement for deliveries of said merchandise, although containing different dates as to the alleged purchase, and should not be accepted for the purpose to mislead the plaintiff that such a purchase was not originally made, and interpolating the words of the Statute of Frauds should not under the circumstances be of any benefit to the defendants as a defense. As the court further said in *Marks* v. *Cowdin, supra*, 145: "It is not even necessary that they be writings from the promisor to the promisee. They must be from the promisor to his own agent. * * * We see that when we put them together. * * * To give heed to these things is not to ignore the rule that the writing must contain all the material terms of the agreement. It is to explain the memorandum without changing or enlarging it. We think the process is one that is justified by precedent." *Beckwith* v. *Talbot*, 95 U. S. 289, 291, 292; *Hagan* v. *Domestic Sewing Machine Co.*, 9 Hun, 73; *Davis* v. *Dodge*, 126 App. Div. 469, 476. In *Delaware Mills, Inc.*, v. *Carpenter Bros., Inc.*, 200 App. Div. 324; affd., 235 N. Y. 537, without opinion, the situation was similar to the case at bar, where the order blank was made out by the salesman representing the seller and was never signed by either party. In subsequent correspondence, however, the purchaser referred to the merchandise that was provided for in the order and the court held that that was **a**

sufficient memorandum in writing by the party to be charged to take the goods out of the Statute of Frauds. The same principle was further reiterated in the case of *Atlas Shoe Co.* v. *Lewis*, 202 App. Div. 244, where the facts were practically on all fours with the facts in this case. The court there held that the order blank contained the essentials of the contract except that it was not signed by either party, but that by correspondence carried on between the parties the purchaser in referring to the order tacitly admitted the making of the order and fully satisfied the Statute of Frauds. I find as a conclusion of law that the Statute of Frauds does not apply; that the invoices, together with the letters written by the defendants to the plaintiff, are sufficient evidence to take it out of the statute, and under the circumstances the plaintiff is entitled to judgment for the sum of $440.42, with interest from April 18, 1922. Settle findings of fact and conclusions of law on two days' notice.

Judgment accordingly.