John W. ROUSE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 11528.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 20, 1953.

Decided Oct. 7, 1954.

---

7. Idem, § 41.11.

8. Idem, § 41.1(a).

Mr. Everett M. Raffel, Washington, D. C., for appellant.

Mr. Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., with whom Mr. Leo A. Rover, U. S. Atty., Mrs. Helena D. Reed, Asst. U. S. Atty., and Mr. William J. Peck, Asst. U. S. Atty., Washington, D. C., at time brief was filed, were on the brief, for appellee.

Messrs. Charles M. Irelan, U. S. Atty., Washington, D. C., at time record was filed, Joseph M. Howard and William R. Glendon, Asst. U. S. Attys., Washington, D. C., at time record was filed, entered appearances for appellee.

Before EDGERTON, BAZELON, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

Bessie Winston gave Associated Contractors, Inc., her promissory note for $1,008.37, payable in monthly installments of $28.01, for a heating plant in her house. The Federal Housing Administration guaranteed the note and the payee endorsed it for value to the lending bank, the Union Trust Company.

Winston sold the house to Rouse. In the contract of sale Rouse agreed to assume debts secured by deeds of trust and also "to assume payment of $850 for heating plant payable $28 per Mo." Nothing was said about the note.

Winston defaulted on her note. The United States paid the bank, took an assignment of the note, demanded payment from Rouse, and sued him for $850 and interest.

Rouse alleged as defenses (1) that Winston fraudulently misrepresented the condition of the heating plant and (2) that Associated Contractors did not install it satisfactorily. The District Court struck these defenses and granted summary judgment for the plaintiff. The defendant Rouse appeals.

Since Rouse did not sign the note he is not liable on it. D.C.Code 1951, § 28–119; N.I.L. Sec. 18. He is not liable to the United States at all unless his contract with Winston makes him so. The contract says the parties to it are not "bound by any terms, conditions, statements, warranties or repre-

sentations, oral or written" not contained in it. But this means only that the written contract contains the entire agreement. It does not mean that fraud cannot be set up as a defense to a suit on the contract.[1] Rouse's promise to "assume payment of $850 for heating plant" made him liable to Associated Contractors, Inc., only if and so far as it made him liable to Winston; one who promises to make a payment to the promisee's creditor can assert against the creditor any defense that the promisor could assert against the promisee.[2] Accordingly Rouse, if he had been sued by the corporation, would have been entitled to show fraud on the part of Winston. He is equally entitled to do so in this suit by an assignee of the corporation's claim. It follows that the court erred in striking the first defense. We do not consider whether Winston's alleged fraud, if shown, would be a complete or only a partial defense to this suit, since that question has not arisen and may not arise.

■■ We think the court was right in striking the second defense. "If the promisor's agreement is to be interpreted as a promise to discharge whatever liability the promisee is under, the promisor must certainly be allowed to show that the promisee was under no enforceable liability. * * * On the other hand, if the promise means that the promisor agrees to pay a sum of money to A, to whom the promisee says he is indebted, it is immaterial whether the promisee is actually indebted to that amount or at all. * * * Where the promise is to pay a specific debt * * * this interpretation will generally be the true one."[3]

The judgment is reversed and the cause remanded with instructions to reinstate the first defense.

Reversed and remanded.

---

1. 3 Williston, Contracts § 811A (Rev.Ed. 1936).

2. 2 id. § 394.

3. 2 id. § 399.