448 F.Supp. 136 (1978)
NATIONAL BENEFIT FUND FOR HOSPITAL AND HEALTH CARE EMPLOYEES et al., and National Pension Fund for Hospital and Health Care Employees et al., Plaintiffs,
v.
The PRESBYTERIAN HOSPITAL IN the CITY OF NEW YORK, INC., Defendant.
No. 77 Civ. 4712 (MP).
United States District Court, S. D. New York.
March 27, 1978.
*137 Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, for plaintiffs, by Richard Dorn, New York City.
Simpson, Thacher & Bartlett, New York City, for defendant, by Martin H. Zuckerman, New York City.

OPINION
POLLACK, District Judge.
By this action, The National Benefit Fund for Hospital and Health Care Workers and the National Pension Fund for Hospital and Health Care Workers (the Funds) seek to recover contributions allegedly owed to them by the Presbyterian Hospital in the City of New York (Hospital) on account of the Hospital's payroll for October, 1973 and September, 1974 respectively. The Hospital moves to dismiss for failure to state a claim on the ground, inter alia,[*] that the action is barred by the award in an arbitration between District 1199, National Union of Hospital and Health Care Employees *138 (Union) and the Hospital with regard to the same contributions which the Funds now seek to recover. Both sides have submitted affidavits and exhibits, and accordingly the motion is treated as a motion for summary judgment. Fed.R.Civ.P. 12(b). The Hospital is entitled to summary judgment.
The Hospital's alleged obligation to contribute to the Funds arises from two collective bargaining agreements between the Hospital and the Union. In 1977, the Union demanded the same contributions as are now sought by the Funds from the Hospital, and the controversy was submitted to arbitration. The Funds had notice of the arbitration, because the Executive Director of both Funds, William J. Taylor, was also the Secretary-Treasurer of the Union. The arbitrator dismissed the arbitration on the ground that the Union had unreasonably delayed assertion of its claims. District 1199, Hospital & Health Care Employees v. Presbyterian Hospital, No. 1330-1933-76 at 21-24 (Vol.Lab.Arb.Trib. June 19, 1977).
There is no question but that if this action were brought by the Union, it would be barred by the arbitration award. "The parties to an action in which a judgment on the merits has been rendered, or their privies, are barred from relitigating the same cause of action in a second proceeding." Expert Electric, Inc. v. Levine, 554 F.2d 1227, 1232-33 (2d Cir.), cert. denied, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977). An arbitration award has res judicata effect. James L. Saphier Agency, Inc. v. Green, 190 F.Supp. 713, 719 (S.D.N.Y.), aff'd on other grounds, 293 F.2d 769 (2d Cir. 1961); see Moran v. Paine, Webber, Jackson & Curtis, 389 F.2d 242, 246 (3d Cir. 1968). In this connection, the possibility that the Union could not have been compelled to arbitrate this dispute because ERISA, like the Securities Acts, 15 U.S.C. §§ 77a et seq., 78a et seq., protects a party's right to assert claims pursuant to the statute in court, Lewis v. Merrill Lynch, Pierce, Fenner & Smith, 431 F.Supp. 271 (E.D.Pa. 1977), became immaterial once the parties in fact submitted their dispute to arbitration, cf. Coenen v. R. W. Pressprich & Co., Inc., 453 F.2d 1209, 1213 (2d Cir.), cert. denied, 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972) (alternate ground) (Securities Exchange Act); Moran v. Paine, Webber, Jackson & Curtis, supra at 245-46 (Securities Exchange Act). A ruling based on a period of limitation is a decision on the merits. Mathis v. Laird, 457 F.2d 926, 927 (5th Cir.), cert. denied, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972); see Miller v. National City Bank, 166 F.2d 723, 727 (2d Cir. 1948). Finally, "it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." Expert Electric, Inc. v. Levine, supra at 1234. Although the Funds advance a number of legal theories in this action, all of their claims arise from the same asserted nonpayment of sums due under the collective bargaining agreements, and therefore are comprised within the cause of action asserted in the arbitration.
The bar of res judicata applies to the Funds as well as the Union. A party is bound by the outcome of a litigation in which it did not participate if the same interest now asserted was asserted in the prior litigation. Chicago, Rock Island & Pacific Ry. v. Schendel, 270 U.S. 611, 618-22, 46 S.Ct. 420, 70 L.Ed. 757 (1926); Roode v. Michaelian, 373 F.Supp. 53, 55-56 (S.D.N. Y.1974). Thus, in St. Louis Typographical Union v. Herald Co., 402 F.2d 553 (8th Cir. 1968), the Union's action to enforce a collective bargaining agreement was held barred by a prior class action by the member-employees, since the Union was merely asserting the interests of the employees. Similarly, the Funds are barred by the prior litigation by the Union, because the Union was merely asserting the interests of the Funds.
Moreover, the Funds are bound by the award against the Union because they sue as third party beneficiaries of the collective bargaining agreements between the Hospital and the Union. In general, a third party beneficiary is subject to any defenses which could be asserted against the promisee. United States v. Industrial Crane & *139 Manufacturing Corp., 492 F.2d 772, 774 (5th Cir. 1974); Rouse v. United States, 94 U.S. App.D.C. 386, 388, 215 F.2d 872, 874 (1954). In particular, the third party beneficiary is bound by prior litigation by the promisee. 1B J. Moore, Federal Practice ¶ 0.411[12] at 1680 n.36 (2d ed. 1965).
The general rule is subject to a special exception in actions by Union pension or welfare funds. See Lewis v. Benedict Coal Corp., 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960). This exception, however, is usually applied to defenses such as nonperformance by the union, e. g. id., which would shift the liability of a particular union onto employees, possibly including employees not members of the union, and to other defenses asserting that the union had surrendered the rights of the fund beneficiaries, e. g., Manning v. Wiscombe, 498 F.2d 1311, 1313 (10th Cir. 1974). Benedict Coal does not shield a fund from all defenses applicable to the promisee union. See Calhoun v. Bernard, 333 F.2d 739, 742 (9th Cir. 1964) (employer's reliance on the written terms of the collective bargaining agreement, in action for reformation); Lewis v. Mears, 297 F.2d 101, 104 (3d Cir.), cert. denied, 369 U.S. 873, 82 S.Ct. 1142, 8 L.Ed.2d 276 (1962) (parol evidence showing that the collective bargaining agreement never became effective). The considerations of national labor policy relied on in Lewis v. Benedict Coal do not require that a pension or welfare fund be allowed to relitigate a matter already decided by arbitration. Indeed, permitting such relitigation would be inconsistent with one of the strongest tenets of national labor policy, that labor disputes should be decided by arbitration, see John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 549, 84 S.Ct. 909, 914, 11 L.Ed.2d 898, 904 (1964); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).
Accordingly, the instant action is barred by res judicata, and defendant Hospital's motion to dismiss the complaint is granted.
SO ORDERED.
NOTES
[*] The Hospital also seeks dismissal on the grounds that the Funds have not authorized the instant action, and that the claims predate the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1381 (ERISA). The Funds have submitted an affidavit asserting that this action has been authorized in the customary manner, so that dismissal for lack of authority would be inappropriate at this time. The first and fifth counts of the Amended Complaint do not rely on ERISA, and it proves unnecessary to consider the applicability of ERISA to the other counts, see p. 138 infra.