■ SPENCER, WHITE & PRENTIS, INC., and SEA-TEC INTERNATIONAL, LTD., a Joint Venture, et al., Appellants, v SOUTHWEST SEWER DISTRICT IN THE COUNTY OF SUFFOLK, Also Known as COUNTY SEWER DISTRICT No. 3, Respondent. — In an action for declaratory relief and money damages, alleging the violation of

section 103 of the General Municipal Law and fraud, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 15, 1983, as denied their motion for summary judgment on the first, third and fourth causes of action, and granted that part of defendant's cross motion which sought summary judgment dismissing the first cause of action. ¶ Order modified, on the law, by granting summary judgment in favor of defendant dismissing the fourth cause of action. As so modified, order affirmed insofar as appealed from, with costs to the defendant. ¶ Special Term did not err in dismissing plaintiffs' first cause of action which sought a declaration of the invalidity of the completion contract between defendant and the sureties of the defaulting contractor. The completion contract was not entered into until after defendant had advertised for bids for the completion of the outfall portion of the Southwest Sewer District project in Suffolk County (see *Spencer, White & Prentis v United States Environmental Protection Agency,* 641 F2d 1061). In their first cause of action, plaintiffs, who both submitted bids in response to defendant's advertisements, claim that their bids were rejected without justification, and that the award of the contract to the sureties violated the requirement that public contracts be awarded on the basis of competitive bidding (see General Municipal Law, § 103). ¶ The purpose of the provisions of article 5-A of the General Municipal Law is to "assure the prudent and economical use of public moneys for the benefit of all the inhabitants of the state and to facilitate the acquisitions of facilities and commodities of maximum quality at the lowest possible cost" (General Municipal Law, § 100-a). Competitive bidding procedures are designed "to protect municipalities and the taxpayers therein, not to benefit or enrich bidders" (*Matter of Allen v Eberling,* 24 AD2d 594; *Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 193). ¶ There is no merit to the plaintiffs' first cause of action. The advertisement for bids specifically reserved the right to reject any and all bids and subdivision 1 of section 103 of the General Municipal Law permits a municipal agency, in its discretion, to "reject all bids and readvertise for new bids". Furthermore, where a contractor has defaulted, the municipal agency may enter into a new contract with the surety for completion of the work without pursuing bid proposals under section 103 of the General Municipal Law. In any event, as disappointed bidders, plaintiffs lacked the standing to seek nullification of the contract between the county and the sureties (see *Jered Contr. Corp. v New York City Tr. Auth., supra,* p 193; *Gerzof v Sweeney,* 16 NY2d 206). ¶ In their third cause of action, plaintiffs sought recovery of their costs in preparing their bids as the pecuniary loss directly resulting from their reliance on the county's allegedly false representations that negotiations were not taking place with the sureties. We conclude that Special Term properly found the existence of unresolved issues of fact as to whether the county's conduct amounted to misrepresentation and whether plaintiffs relied on it. ¶ In the fourth cause of action, plaintiff Spencer sought recovery of $3,400,000, representing the profit it anticipated making from the contract. Special Term denied plaintiffs' motion for summary judgment as to this cause of action while denying defendant's cross motion for summary judgment dismissing it, on the basis of the unresolved issues of fact regarding the claim of fraud. We are constrained to dismiss the defendant's purported cross appeal which, *inter alia,* seeks review of the denial of its motion for summary judgment as to the fourth cause of action, since the record contains no notice of cross appeal (see CPLR 5513, subd [c]; 5515, subd 1; 5526; 22 NYCRR 670.8 [c] [3]). Nevertheless, we have the power to search the record and award summary judgment to a nonmoving party (CPLR 3212, subd [b]) even though the nonmoving party has not appealed (*Kornfeld v NRX Technologies,* 62 NY2d 686; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 109). Special Term erred in not dismissing the fourth cause of action.

Under no interpretation of the facts could plaintiff Spencer be entitled to the relief sought in the fourth cause of action. "The unsuccessful bidder is not entitled to recover from the municipality the profits which he might have made had his bid been accepted" (*Matter of Allen v Eberling*, 24 AD2d 594, *supra*) and even if Spencer can establish fraud the contention that the anticipated profits are recoverable as consequential damages resulting from the fraud is untenable. A defrauded party is entitled solely to recovery of the sum necessary for restoration to the position occupied before the commission of the fraud (*Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.*, 88 AD2d 461, 468). Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.