■ CLIFFORD STICH, Respondent, v OAKDALE DENTAL CENTER, P. C., et al., Appellants.—Levine, J. Appeal from that part of an order of the Supreme Court at Special Term (Smyk, J.), entered March 27, 1985 in Tioga County, which denied defendants' cross motion for partial summary judgment dismissing plaintiff's third and fifth causes of action and part of the fourth cause of action.

Plaintiff, a licensed dentist, closed down his practice in Montana in 1981 and subsequently accepted a position with defendants' dental center in the Village of Johnson City, Broome County. This arrangement lasted for approximately four months between May and August 1982. Subsequently, plaintiff brought this action for damages against defendants arising out of their conduct during the existence of that professional relationship and the termination thereof. The instant appeal is from a denial of defendants' motion for partial summary judgment addressed to plaintiff's third, fourth and fifth causes of action.

The conduct complained of in plaintiff's third and fourth causes of action consists of defendants' alleged fraudulent overbilling, under plaintiff's name and without his consent, of various third-party payors for dental services rendered by plaintiff at the dental center. Plaintiff's fifth cause of action seeks recovery for alleged conversion of checks from patients or third-party payors which defendants received on plaintiff's behalf. Special Term found triable issues of fact on all three causes of action and accordingly denied partial summary judgment, except that it dismissed that portion of the plaintiff's fourth cause of action based on allegedly defamatory material published before August 30, 1982 as barred by the one-year Statute of Limitations (CPLR 215 [3]).

In our view, plaintiff's third and fifth causes of action should have been dismissed. Plaintiff's bill of particulars establishes that the sole damages claimed to have been incurred as a result of the allegedly fraudulent billing practices of defendants were injuries to his reputation, a claim referable to the fourth cause of action in the complaint, and emotional distress. The third cause of action, which is grounded in fraud, is not supported by allegations or proof of facts in evidentiary form establishing the necessary elements of any fraud perpetrated by defendants against plaintiff. Additionally, plaintiff has failed to submit any proof of actual pecuniary injury, the sole compensable form of damages in a fraud action *(see, Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467-468; *see also, Walsh v Ingersoll-Rand Co.,* 656 F2d 367, 370; Restatement [Second] of Torts § 549 [1977]). Plaintiff's third cause of action would similarly be deficient if considered as asserting a claim based upon a theory of intentional infliction of emotional distress or of prima facie tort *(see, Freihofer v Hearst Corp.,* 65 NY2d 135, 142-144; *Wehringer v Helmsley-Spear, Inc.,* 59 NY2d 688; *Fischer v Maloney,* 43 NY2d 553, 557; *Nestlerode v Federal Ins. Co.,* 66 AD2d 504, 506-507, *lv denied* 48 NY2d 604; Restatement [Second] of Torts § 46 [2]; § 47 comment a [1965]).

Regarding plaintiff's fifth cause of action, claiming conversion of checks issued by or on behalf of patients of defendants' dental center in plaintiff's name, plaintiff's own proof establishes at most that he was entitled to a commission of 35% on the fees he generated, less laboratory expenses. As such, plaintiff had no right to ownership in or control over the checks, but only an unliquidated contract right to share in their proceeds. Therefore, no action lies in conversion arising

out of defendants' disposition of the checks *(see, Peters Griffin Woodward v WCSC, Inc.,* 88 AD2d 883, 884).

We disagree, however, with defendants' further contention that plaintiff's fourth cause of action should also have been dismissed in its entirety because of his failure to plead or submit proof of special damages or to similarly overcome defendants' qualified privilege. Regarding the first of these objections to plaintiff's defamation claim, New York has rejected the doctrine that a libel demonstrable only by proof of extrinsic facts is per quod rather than per se defamatory and hence requires pleading and proof of special damages *(Hinsdale v Orange County Pub.,* 17 NY2d 284, 288). A writing which purports to attribute false statements as having been made by someone in his professional capacity is libelous per se, even when the falsity of the statements must be established extrinsically, and does not require the pleading of special damages *(Ben-Oliel v Press Pub. Co.,* 251 NY 250, 255-256). Plaintiff will be required to establish, upon the trial, that the third-party payors who received defendants' communications were aware of the extrinsic facts making the writings defamatory of plaintiff *(see,* Prosser and Keeton, Torts § 111, at 783 [5th ed]). While plaintiff's proof as to the latter requirement was scanty, it is in our view sufficient to withstand defendants' motion for summary judgment. Since plaintiff has also submitted proof that the falsity of the billings submitted over plaintiff's name was intentional on defendants' part, a triable issue was also presented on whether such statements were entitled to a qualified privilege *(see, O'Rorke v Carpenter,* 55 NY2d 798, 799). Accordingly, Special Term correctly denied summary judgment dismissing plaintiff's fourth cause of action as to any publication not barred by the Statute of Limitations.

Order modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion for partial summary judgment dismissing plaintiff's third and fifth causes of action; cross motion granted to such extent and said causes of action are dismissed; and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.