■ HENRY L. FOX CO., INC., Respondent, v WILLIAM KAUFMAN ORGANIZATION, LTD., et al., Appellants.—In an action to recover damages for breach of contract and in quantum meruit, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated December 20, 1985, as denied their motion for summary judgment dismissing the complaint pursuant to CPLR 3212 and Insurance Law former § 112-a (7) (now § 2119 [a] [1]).

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's second cause of action sounding in quantum meruit and substituting therefor a provision granting that branch of the motion. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a licensed insurance broker and agent,

brought an action alleging that it was engaged by the defendants to act as a consultant to review the defendants' insurance portfolio. The complaint further alleged that the defendants agreed to pay the plaintiff a sum equal to the amount of the savings enjoyed by them in the first year as a result of the plaintiff's obtaining and submitting a quotation of premiums from various insurance carriers. The plaintiff also alleges that it obtained and submitted to the defendants quotations of premiums for the year commencing March 20, 1982, which called for an annual premium reduction in the sum of $113,000. We note, however, that an "Insurance Consulting Proposal" upon which the plaintiff relies describes the plaintiff's compensation as follows: "A first year fee being 50% of the net premium savings based upon your current property/casualty coverages only; reducing to 25% for all subsequent years".

The plaintiff brought two causes of action. The first cause of action in the complaint sounded in breach of contract and sought to recover the sum of $113,000, representing the reduction in premiums. The second cause of action sought recovery in quantum meruit for the "fair and reasonable value" of the plaintiff's consultation services which was asserted to be the sum of $113,000.

Insurance Law former § 112-a (7) (recodified in 1984 in Insurance Law § 2119 [a] [1], [2]) provides: "7. No person licensed as an insurance agent or broker or as a consultant under this section *may receive any fee, commission or thing of value* for examining, appraising, reviewing or evaluating any insurance policy, bond, annuity or pension or profit-sharing contract, plan or program or for making recommendations or giving advice with regard to any of the above, unless such compensation is based upon a written memorandum signed by the party to be charged and specifying or clearly defining the amount or extent of such compensation. A copy of every such memorandum or contract shall be retained by the licensee for not less than three years after such services have been fully performed" (emphasis supplied).

The defendants moved for summary judgment on the ground that there was no written memorandum signed by them and, therefore, the provisions of Insurance Law former § 112-a (7) barred this action. We agree with Special Term that Insurance Law former § 112-a (7) does not require that the memorandum be evidenced in one writing. The rule as to "piecing together" several memoranda is set forth in *Crabtree v Arden Sales Corp.* (305 NY 48, 54-55) as follows:

"The statute of frauds does not require the 'memorandum * * * to be in one document. It may be pieced together out of separate writings, connected with one another either expressly or by the internal evidence of subject matter and occasion'. *(Marks* v. *Cowdin, supra,* 226 N. Y. 138, 145; see, also, 2 Williston, *op. cit.,* p. 1671; Restatement, Contracts, § 208, subd. [a].) Where each of the separate writings has been subscribed by the party to be charged, little if any difficulty is encountered. (See, e.g., *Marks* v. *Cowdin, supra,* 226 N. Y. 138, 144-145.) Where, however, some writings have been signed, and others have not—as in the case before us—there is basic disagreement as to what constitutes a sufficient connection permitting the unsigned papers to be considered as part of the statutory memorandum. The courts of some jurisdictions insist that there be a reference, of varying degrees of specificity, in the signed writing to that unsigned, and, if there is no such reference, they refuse to permit consideration of the latter in determining whether the memorandum satisfies the statute. (See, e.g., *Osborn* v. *Phelps,* 19 Conn. 63; *Hewitt Grain & Provision Co.* v. *Spear,* 222 Mich. 608.) That conclusion is based upon a construction of the statute which requires that the connection between the writings and defendant's acknowledgement of the one not subscribed, appear from examination of the papers alone, without the aid of parol evidence. The other position—which has gained increasing support over the years—is that a sufficient connection between the papers is established simply by a reference in them to the same subject matter or transaction. (See, e.g., *Frost* v. *Alward,* 176 Cal. 691; *Lerned* v. *Wannemacher,* 91 Mass. 412.) The statute is not pressed 'to the extreme of a literal and rigid logic' *(Marks* v. *Cowdin, supra,* 226 N. Y. 138, 144), and oral testimony is admitted to show the connection between the documents and to establish the acquiescence, of the party to be charged, to the contents of the one unsigned. (See *Beckwith* v. *Talbot,* 95 U. S. 289; *Oliver* v. *Hunting,* 44 Ch. D. 205, 208-209; see, also, 2 Corbin, *op. cit.,* §§ 512-518; cf. Restatement, Contracts, § 208, subd. [b], par. [iii].)

"The view last expressed impresses us as the more sound, and, indeed—although several of our cases appear to have gone the other way (see, e.g., *Newbery* v. *Wall,* 65 N. Y. 484; *Wilson* v. *Lewiston Mill Co.,* 150 N. Y. 314)—this court has on a number of occasions approved the rule, and we now definitively adopt it, permitting the signed and unsigned writings to be read together, provided that they clearly refer to the same subject matter or transaction. (See, e.g., *Peabody* v. *Speyers,* 56

N. Y. 230; *Raubitschek* v. *Blank,* 80 N. Y. 478; *Peck* v. *Vandemark,* 99 N. Y. 29; *Coe* v. *Tough,* 116 N. Y. 273; *Delaware Mills* v. *Carpenter Bros.,* 235 N. Y. 537, affg. 200 App. Div. 324.)".

The terms of the alleged agreement, including compensation, are found in a letter from the plaintiff to the defendants dated September 14, 1981. The written response to the plaintiff's request for authorization "to obtain inspection reports" and the authorization itself were signed by the corporate defendant's officer. The 14 writings, including the two letters signed by the corporate defendant's officer and the corporate defendant's two unsigned interoffice memoranda, may be construed by a trier of fact to constitute an enforceable agreement when read together *(see, Shapiro v Dictaphone Corp.,* 66 AD2d 882). Since there is a triable issue of fact with regard to the first cause of action to recover damages for breach of contract based on a written agreement, Special Term properly denied that branch of the defendants' motion which was for summary judgment as to that cause of action.

With regard to the plaintiff's second cause of action sounding in quantum meruit, we find the language of Insurance Law former § 112-a (7) express and unambiguous in its preclusion of any recovery for the "reasonable value" of services, absent a written agreement.

It was the clear intention of the Legislature to prevent the use of sharp insurance brokerage practices against consumers by requiring that insurance brokers who perform consulting services be obligated to work under a written contract. The statute itself states that no insurance broker "may receive any fee, commission or thing of value" for such services "unless such compensation is based upon a written memorandum". Further, the requirement that the memorandum be one "specifying or clearly defining the amount or extent of such compensation" is an additional basis to determine that there be no quantum meruit recovery for the reasonable value of such services.

In a quantum meruit case involving the Statute of Frauds set forth in General Obligations Law § 5-701 (a) (10), the Court of Appeals in *Minichiello v Royal Business Funds Corp.* (18 NY2d 521, *cert denied* 389 US 820), precluded recovery on a "reasonable value" ground. Thereafter the door was opened to quantum meruit recovery in the Statute of Frauds cases relating to General Obligations Law § 5-701 (a) (10) in *Cohon & Co. v Russell* (23 NY2d 569). In *Cohon,* the court limited

*Minichiello* to situations where there was "a complete absence of any memorandum" *(Cohon & Co. v Russell, supra,* at 572) and permitted recovery for the reasonable value of services where there was a memorandum as to the terms of the agreement except for the rate of compensation *(see also, Shapiro v Dictaphone Corp., supra).*

In the case at bar, in interpreting the provisions of Insurance Law former § 112-a (7), we note that different language is used to delineate the compensation portions of the statute than the provisions set forth in General Obligations Law § 5-701 (a) (10). In enacting Insurance Law former § 112-a (7), the Legislature clearly made it known that "reasonable compensation" may not be implied. In addition, General Obligations Law § 5-701 (a) (10), unlike Insurance Law former § 112-a (7), only refers generally to "compensation". The language of Insurance Law former § 112-a (7) is clearly different from that of General Obligations Law § 5-710 (a) (10) in that it expressly requires that there be a writing containing a specific and clear definition of the amount and extent of compensation for services rendered and specifically states that no insurance broker "may receive any fee, commission or thing of value" for such services. Thus, the ruling in *Cohon (supra)* permitting recovery in quantum meruit in certain cases under General Obligations Law § 5-701 (a) (10) is inapplicable to cases brought pursuant to Insurance Law former § 112-a (7).

We therefore hold that Insurance Law former § 112-a (7) as recodified in section 2119 (a) (1) precludes recovery under a quantum meruit theory. Accordingly, Special Term erred in not granting that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's second cause of action which was for quantum meruit relief. Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.