■ NAGER ELECTRIC Co., INC., Respondent-Appellant, v E. J. ELECTRIC INSTALLATION COMPANY, INC., et al., Appellants-Respondents.—In an action, inter alia, to recover damages for the breach of an alleged oral joint venture agreement, unjust enrichment and fraud, the defendants appeal from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated June 17, 1986, as denied those branches of their motions which were to dismiss the plaintiff's first cause of action, and the plaintiff cross-appeals from so much of the same order as granted the defendants' motions which were to dismiss the plaintiff's second and third causes of action.

Ordered that the order is modified, by adding a provision thereto granting leave to the plaintiff to serve a second amended complaint as to the first cause of action only; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; the plaintiff's time to serve the second amended complaint is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

While the plaintiff's first cause of action sounding in fraud as set forth in the amended complaint was sufficiently pleaded to withstand a motion to dismiss (see, Deerfield Communica-

*tions Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954; *Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403; *Sabo v Delman,* 3 NY2d 155), the amended complaint fails to assert proper damages compensable for fraud. Victims of fraud may only recover their actual pecuniary loss sustained as a result of their reliance on the alleged misrepresentation, i.e., their "out of pocket" losses *(see, Dress Shirt Sales v Hotel Martinique Assocs.,* 12 NY2d 339, 343; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467-468; *see also, Spencer, White & Prentis v Southwest Sewer Dist.,* 103 AD2d 802, 804; *Castle & Cooke v Lincoln Mdse. Corp.,* 103 AD2d 763, 764). In further amending its complaint, the plaintiff must set forth the actual, out of pocket, pecuniary loss allegedly sustained as a result of its justifiable reliance on the defendants' purported misrepresentations *(see, Castle & Cooke v Lincoln Mdse. Corp., supra,* at 764).

Trial Term correctly dismissed the plaintiff's second and third causes of action as set forth in the amended complaint *(see,* General Obligations Law § 5-701 [a] [10]; *Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 267; *Newman v Crazy Eddie,* 119 AD2d 738; *Cartier v Lear Siegler, Inc.,* 115 AD2d 584; *cf., Fox Co. v Kaufman Org.,* 128 AD2d 587; *Ackerman v Landes,* 112 AD2d 1081, 1082; *Richman v Federated Adj. Co.,* 95 AD2d 850, 851). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.