**Irving BARR, et al., Plaintiffs,**

**v.**

**McGRAW–HILL, INC., et al., Defendants.**

**No. 87 Civ. 6259(KC).**

United States District Court, S.D. New York.

April 7, 1989.

---

James Cohen, New York City, and Carl Genberg, Columbus, Ohio, for plaintiffs.

Steven R. Hofstein, Gersten, Savage, Kaplowitz, Zukerman & Liebman, and Sullivan & Cromwell, New York City, for defendants.

## OPINION AND ORDER

CONBOY, District Judge:

Plaintiffs commenced this action against defendant McGraw–Hill, Inc. and others for common law and securities fraud, and breach of contract. McGraw–Hill now moves (i) to dismiss the fraud claims for failure to comply with Fed.R.Civ.P. 9(b), (ii) to strike the demand for "benefit-of-the-bargain" damages in the fraud claims, and (iii) for summary judgment on plaintiffs' breach of contract claim on the ground that it is barred by the applicable statute of limitations. For the reasons discussed below, the motion is granted.

## I. FACTS

Plaintiffs are disappointed investors in three limited partnerships: Medcare Associates, Infemed Associates, and Antibiotic CME Group. The limited partnerships were formed between 1980 and 1983 for the purpose of producing and marketing videotapes on various medical topics. The offering memoranda for the partnerships included appraisals of the fair market values of the master videotapes rendered by McGraw–Hill and McGraw–Hill's New York District Manager, Orlando Rodriguez. The plaintiffs allege that the promoters of the limited partnerships enlisted the services of McGraw–Hill to render highly inflated appraisals of the value of each master videotape, thereby increasing the attractiveness of the limited partnership interests, particularly as a tax shelter. Plaintiffs further allege that the offering memoranda fraudulently failed to reveal the 1975 conviction and imprisonment of one of the promoters, defendant Peter Rosenthal, for federal securities law violations. In 1985 and thereafter, according to the complaint, the Internal Revenue Service disallowed deductions and credits claimed by investors in the partnerships on the ground that the appraisals were "grossly overvalued." The IRS also imposed penalties on investors for purchasing "abusive" tax shelters.

The plaintiffs assert six claims in this action. The first claim alleges securities fraud under section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b–5; the second and third claims allege aider and abettor liability on the part of the promoters for, respectively, the fraudulent-

ly inflated appraisals and for the concealment of defendant Rosenthal's criminal record; the fourth claim alleges a conspiracy to violate the Federal securities laws; the fifth claim alleges common law fraud; and, finally, the sixth claim alleges breach of contract by McGraw–Hill for its failure to make a diligent effort to determine the fair market value of the videotapes. Plaintiffs seek recovery on the latter claim as third-party beneficiaries of McGraw–Hill's contract with the promoter defendants. Plaintiffs claim damages of at least $15 million, which amount includes exemplary damages and attorneys' fees.

## II. DISCUSSION

A. Failure to Plead Fraud with Particularity.

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Motive, intent, knowledge, and other conditions of mind of a person may be averred generally." The specificity requirement of Rule 9(b) serves several purposes. It inhibits the filing of a complaint as a pretext for the discovery of unknown wrongs, *Gross v. Diversified Mortg. Investors*, 431 F.Supp. 1080, 1087 (S.D.N.Y.1977), *affirmed* 636 F.2d 1201 (2d Cir.1980), it compels plaintiffs to place defendants on notice of the exact misconduct with which they are charged and enables them to prepare a defense, *Rich v. Touche Ross & Co.*, 68 F.R.D. 243, 245 (S.D.N.Y. 1975), and, in cases where fraud is alleged, it protects defendants from harm to their reputations resulting from vague and unfounded charges of acts involving moral turpitude. *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir.1972).

Although each determination of compliance with Rule 9(b) "necessarily rests on its particular facts," *Denny v. Barber*, 576 F.2d 465, 470 (2d Cir.1978), as a general rule, courts in this circuit have required that a plaintiff alleging fraud:

[S]pecify: (1) precisely what statements were made in what documents or oral misrepresentations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same, (3) the context of such statements and the manner in which they misled the plaintiffs, and (4) what the defendants obtained as a consequence of the fraud. *Todd v. Oppenheimer & Co., Inc.*, 78 F.R.D. 415, 420–21 (S.D.N.Y.1978).

*See also Gross*, 431 F.Supp. at 1087–88; *Fidenas A.G. v. Honeywell, Inc.*, 501 F.Supp. 1029 (S.D.N.Y.1980); and *Posner v. Coppers & Lybrand*, 92 F.R.D. 765, 769 (S.D.N.Y.1981), *affirmed* 697 F.2d 296 (2d Cir.1982). These requirements have been applied stringently, particularly where allegations of securities fraud are involved. *See, e.g., Segal*, 467 F.2d at 608; *Moran v. Kidder Peabody & Co.*, 609 F.Supp. 661, 665 (S.D.N.Y.1985); *Quintel Corp., N.V. v. Citibank, N.A.*, 589 F.Supp. 1235, 1243 (S.D.N.Y.1984); *Posner*, 92 F.R.D. at 769; *Todd*, 78 F.R.D. at 423; *Gross*, 431 F.Supp. 1080, 1087–88.

■ The complaint is deficient under Rule 9(b) because it fails, in several ways, to specify the material circumstances of *each* plaintiff's claim. To satisfy Rule 9(b), plaintiffs must plead the amount and price of the securities purchased by each plaintiff, the date and place of each purchase, and the losses suffered. This will enable defendants to prepare a defense against the claims of individual plaintiffs, whose circumstances may differ. It also will give defendants and the court a fair indication of the basis for the amount of damages claimed.

B. Motion to Strike the Demand for Benefit-of-the-Bargain Damages on the Fraud claims.

■ Defendant McGraw–Hill moves to strike the demand for benefit-of-the-bargain damages pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the ground that plaintiffs may recover only out-of-pocket damages as a matter of law. As plaintiffs concede, a plaintiff alleging common law fraud under New York law may recover only out-of-pocket damages.

*See Ostano Commerzanstalt v. Telewide Systems, Inc.,* 794 F.2d 763, 766 (2d Cir. 1986); *Nager Electric Co., Inc. v. E.J. Electric Installation Co., Inc.,* 128 A.D.2d 846, 847, 513 N.Y.S.2d 766, 767 (2d Dep't 1987); *Clearview Concrete Products Corp. v. S. Charles Gherardi, Inc.,* 88 A.D.2d 461, 467–68, 453 N.Y.S.2d 750, 755 (2d Dep't 1982). This court therefore orders stricken plaintiffs' demand for benefit-of-the-bargain damages in their fifth claim.

The availability of benefit-of-the-bargain damages for plaintiffs' federal securities law claims is governed by § 28(a) of the Securities and Exchange Act of 1934, codified at 15 U.S.C. § 78bb(a), which provides for recovery of "actual damages." In most circumstances, the proper measure of "actual damages" is the plaintiff's out-of-pocket losses. *See, e.g., Zeller v. Bogue Electric Manufacturing Corp.,* 476 F.2d 795, 801–802 (2d Cir.), *cert. denied,* 414 U.S. 908, 94 S.Ct. 217, 38 L.Ed.2d 146 (1973) and *Levine v. Seilon, Inc.,* 439 F.2d 328, 334 (2d Cir.1971). The Court in *Osofsky v. Zipf,* 645 F.2d 107, 114 (2d Cir.1981) held that benefit-of-the-bargain damages would best compensate a defrauded seller of securities in a tender offer situation because the "amount of such damages—the difference between what was represented as coming to the ... shareholders and what they actually received—[could] be determined with certainty" and because limiting recovery to out-of-pocket damages would effectively preclude adequate redress in similar cases. But the Court made it quite clear that recovery based upon the representations made by defendants to a defrauded securities buyer as to the value of the purchase would be impermissibly speculative. *Id.* at 112. Accordingly, the demand for benefit-of-the-bargain damages in the first and fourth claims is stricken.

### C. Statute of Limitations.

The applicable statute of limitations for plaintiffs' common law breach of contract claim is six years. N.Y.Civ.Prac. Law and Rules § 213(2) (McKinney 1988). Under New York law, the cause of action in breach of contract cases "accrues and the statute of limitations begins to run from the time of the breach." *John J. Kassner & Co. v. City of New York,* 46 N.Y.2d 544, 550, 415 N.Y.S.2d 785, 788, 389 N.E.2d 99, 102 (1979). *Accord Marathon Enterprises v. Feinberg,* 595 F.Supp. 368 (S.D.N.Y. 1984); *Bernstein v. LaRue,* 120 A.D.2d 476, 501 N.Y.S.2d 896, 897 (2d Dep't 1986). Since, in general, a third-party beneficiary is subject to any defenses which could be asserted against the promisee, the six-year statute of limitations applies to plaintiffs' contract claim. *National Benefit Fund for Hospital and Health Care Employees v. Presbyterian Hospital in the City of New York,* 448 F.Supp. 136, 138–39 (S.D.N.Y.1978) and *U.S. v. Industrial Crane & Manufacturing Corp.,* 492 F.2d 772, 774 (5th Cir.1974).

The Medcare and Infemed appraisals were delivered by McGraw–Hill on or about December 4, 1980 and December 10, 1980, respectively. Since the Medcare and Infemed plaintiffs commenced this action on August 27, 1987—more than six years after the cause of action for the alleged breach of the agreements accrued—their contract claim is time-barred. The Antibiotics appraisal was delivered by McGraw–Hill on or about October 6, 1981. The Antibiotics plaintiffs commenced suit on November 2, 1987, or more than six years after the cause of action accrued. Their claim is therefore also time-barred.

In sum, McGraw–Hill's motion to strike the demand for benefit-of-the-bargain damages in the first, fourth, and fifth claims, and for summary judgment on the sixth claim is granted. McGraw–Hill's motion to dismiss the common law and securities fraud claims is granted without prejudice. Leave is hereby granted to file an amended complaint within twenty (20) days of the entry of this order.

SO ORDERED.