■ NAOMI RIVERA et al., Respondents-Appellants, v WYCKOFF HEIGHTS HOSPITAL, Appellant-Respondent.—In an action, *inter alia,* to recover damages for negligent infliction of emotional harm and fraud, the defendant appeals from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated June 7, 1990, as denied the branch of its motion which was to dismiss the second and fourth causes of action, and the plaintiffs cross-appeal from so much of the same order as granted the branch of the defendant's motion which was to dismiss the first and third causes of action.

Ordered that the order is reversed, on the law, without costs or disbursements, the branch of the defendant's motion which was to dismiss the second and fourth causes of action is granted, and the branch of the defendant's motion which was to dismiss the first and third causes of action is denied.

The plaintiff Naomi Rivera gave birth to a baby girl on January 4, 1982. The next morning, a nurse brought an infant to Rivera to feed and nurture. After holding the infant for approximately 30 minutes, the plaintiff noticed a bracelet on the infant's leg which indicated that the infant was not her daughter. The plaintiff summoned a nurse, who apologized and then took the infant away. The nurse returned approximately 15 minutes later with the same infant. After the plaintiff held the infant for a short period of time, she realized that she was holding the same infant. The nurse took the infant away, informing the plaintiff that she would return with her infant.

At approximately this time, the plaintiff Jose Olivo, the child's father, came to visit Rivera. Rivera informed Olivo what had transpired and Olivo left to find out what was going on. Olivo had been absent about 20 minutes when four or five doctors entered the room, gave Rivera an injection, and then

informed her, without providing any details, that her baby was dead.

According to the plaintiffs, Rivera began to cry and a nurse asked her if she would prefer to remain in a room where she could not hear babies crying. Rivera agreed and was taken to another room where Olivo and his mother had been waiting. The plaintiffs allege that at this juncture, another nurse then wheeled a crib holding Rivera's deceased child into the room. Olivo allegedly warned the nurse not to display the child to Rivera, but the nurse ignored his entreaties, allegedly stating to the plaintiff, "[y]ou have to see [the child] whether you like it or not". Olivo then attempted to prevent the nurse from showing the child to Rivera and was handcuffed by hospital security personnel. The nurse then allegedly threw the child onto Rivera's lap. After this occurred, the hospital security guard removed the child from Rivera's lap and left with the crib.

The plaintiffs commenced this action, alleging causes of action sounding in negligent infliction of emotional harm and fraud. The damages alleged in the amended complaint with respect to both of the foregoing legal theories are based on extreme "emotional and psychological distress and anxiety".

The defendant, Wyckoff Heights Hospital, moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and 3212. The Supreme Court granted the motion in part by dismissing the first and third causes of action, alleging negligent infliction of emotional harm. The court, however, concluded that the second and fourth causes of action, alleging fraud, stated a claim upon which relief could be granted. Notably, the court characterized the latter two causes of action as actually alleging claims premised upon the intentional infliction of emotional distress, and further held that there were questions of fact with respect to the defendant's conduct in connection with these claims which precluded any grant of summary judgment. We reverse.

The defendant failed to submit an affidavit from an individual with personal knowledge of the facts, producing instead the affidavit of its attorney. Accordingly, the defendant's supporting papers failed to establish its prima facie entitlement to judgment as a matter of law (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852; Roche v Hearst Corp., 53 NY2d 767; Zuckerman v City of New York, 49 NY2d 557; Richmond Hill Sav. Bank v Sister of Order of St. Dominic, 126 AD2d 627; Grieshaber v City of New Rochelle, 113 AD2d 821).

We further conclude that the branch of the defendant's motion which was to dismiss the first and third causes of action for failure to state a cause of action should have been denied. The gravamen of the plaintiffs' first and third causes of action, which allege negligent infliction of emotional distress, is that the defendant breached a duty it owed to the plaintiffs by twice falsely informing them that their daughter was alive when, in fact, the child was deceased. In *Johnson v State of New York* (37 NY2d 378), the Court of Appeals approved the recovery of damages for emotional distress where the defendant erroneously informed the plaintiff that her mother had died. The court found that the emotional injury flowing from such false notification of death was actionable since "there exists 'an especial likelihood of genuine and serious mental distress, arising from the special circumstances which serves as a guarantee that the claim is not spurious' " *(Johnson v State of New York, supra,* at 382, quoting Prosser, Torts § 54, at 330 [4th ed]). Further, the court observed that the psychological impact of such an erroneous message fell within the orbit of danger and, therefore, within the orbit of duty, "for the breach of which a wrongdoer may be held liable" *(Johnson v State of New York, supra,* at 383).

Although the negligently transmitted message at bar was one falsely advising that the child was alive, rather than deceased, the defendant's inaccurate statements nevertheless served to materially intensify the mental anguish and trauma the plaintiffs suffered upon ultimately discovering the true status of the child. The heightened grief and emotional distress which would predictably flow from the defendant's actions fall within class of injuries found to be actionable by the Court of Appeals in *Johnson v State of New York (supra,* at 382), since here, as in *Johnson,* there exists the same likelihood that the plaintiffs' claims are genuine, rather than spurious or feigned *(cf., Johnson v Jamaica Hosp.,* 62 NY2d 523, 530; *Jacobs v Horton Mem. Hosp.,* 130 AD2d 546).

We find, however, that the second and fourth causes of action, which allege fraud and emotional distress, with anxiety as the resultant damage, should have been dismissed. Although denominated in the amended complaint as fraud claims, the legal theory underlying these causes of action is clearly that the defendant's intentional conduct caused the plaintiffs to suffer "extreme emotional [and] psychological mental distress and anxiety". As the defendant points out, a claim sounding in intentional infliction of emotional distress would be time-barred by the applicable one-year Statute of

Limitations *(see,* CPLR 215 [3]; *Jemison v Crichlow,* 139 AD2d 332, *affd* 74 NY2d 726; *Schulman v Krumholz,* 81 AD2d 883). In any event, even when viewed as sounding in fraud, the second and fourth causes of action fail to state a claim upon which relief can be granted. There are no allegations from which it can be inferred that the defendant intentionally made any statement with the objective of fraudulently depriving the plaintiffs of their legal rights or of inducing them to act or refrain from acting in connection with their child *(see,* 60 NY Jur 2d, Fraud and Deceit, §§ 10, 11; *cf., Brown v Lockwood,* 76 AD2d 721, 730-731). Nor do the plaintiffs allege that they sustained "actual pecuniary loss" as a consequence of the purported fraud *(see, Dress Shirt Sales v Hotel Martinique Assocs.,* 12 NY2d 339, 343; *see also, Nager Elec. Co. v E. J. Elec. Installation Co.,* 128 AD2d 846, 847; *Stich v Oakdale Dental Ctr.,* 120 AD2d 794, 795; 60 NY Jur 2d, Fraud and Deceit, § 164). In light of the foregoing, the second and fourth causes of action are dismissed. Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.